## McCULLOUGH v. HENSHAW.

No. 14593—Opinion Filed April 15, 1924.

(Syllabus.)

**1. Appeal and Error—Review—Findings.**

In an action at law, tried to the court without a jury, the findings of the court will be given the same weight as the verdict of a jury, and where there is any evidence reasonably supporting the judgment, the same will not be disturbed by this court.

**2. Judgment Sustained.**

Record examined, and held, that there is evidence reasonably supporting the judgment.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Mrs. M. I. Henshaw against W. M. McCullough. Judgment for plaintiff, and defendant appeals. Affirmed.

Owen, Yancey & Fist, for plaintiff in error.

Remington Rogers, Ed L. Jones, Merwin Haven, and A. C. Saunders, for defendant in error.

NICHOLSON, J. This was a replevin action brought by Mrs. M. I. Henshaw, as plaintiff, against W. M. McCullough, sheriff of Tulsa county, as defendant, to recover the possession of a Cadillac automobile, of which the plaintiff claimed to be the owner, seized by the defendant upon an execution issued upon a judgment in favor of Atlas Supply Company against W. A. Chamness and I. G. Henshaw. From a judgment in favor of the plaintiff, the defendant has appealed.

The only contention made is that the judgment is not sustained by the evidence, and is contrary to law.

There is very little conflict in the evidence, and the facts as disclosed thereby are substantially as follows: I. G. Henshaw and plaintiff are husband and wife. In the month of February, 1921, they went to the place of business of the dealers in Cadillac automobiles and purchased the automobile in question for the sum of $4,000. I. G. Henshaw gave a check for the sum of $1,600, signed by himself, and drawn on a bank account carried in the name of "I. G. or Maude Henshaw," as the first payment thereon, and executed a note and chattel mortgage, covering said car, for the sum of $2,400, the balance of the purchase price. The account was by the dealers carried against I. G. Henshaw individually, and the repair and garage bills were charged to him. Payments were made from time to time with the personal checks of I. G. Henshaw, and final settlement for the car, and other bills made by him; that while the bank account was carried in the name of "I. G. or Maude Henshaw", it in fact represented the earnings of I. G. Henshaw; that Henshaw and Chamness were partners, engaged in the oil business; that Henshaw owned an Essex car at the time of the purchase of the Cadillac, but later acquired a Studebaker car, which he owned and used in his business at the time of the seizure of the Cadillac under execution; that the car in question was by Henshaw and his family taken on a pleasure trip to Colorado. On May 10, 1921, Henshaw executed and delivered to his wife a bill of sale of the automobile in question, the consideration being recited as "love and affection." This bill of sale was not filed in the office of the county clerk until November 28, 1922, three days after judgment was rendered against Henshaw, and the next day after execution was issued on said judgment. During the years of 1921 and 1922, insurance policies covering the car were issued to I. G. Henshaw and the premiums thereon paid by him. The state automobile license was paid by him and the license issued in his name.

Mrs. Henshaw places very little. of any, reliance on the bill of sale executed to her by her husband, but contends that the car was purchased by her, and that she was at all times since said purchase the owner thereof. In support of this contention, she placed upon the witness stand the salesman who made the sale, and he testified that Mr. and Mrs. Henshaw and Mr. Chamness were present at the time the sale was made; that Henshaw and Chamness had looked at a "59 touring car"; that he took this car out and showed it to Mrs. Henshaw, but she did not want it; that he told them that if they would wait two or three days, he would have another car which he thought she would select; that when he got this car, he took it out and showed it to Mrs. Henshaw; that Henshaw did not want the Cadillac, but wanted a Paige touring car; that Mrs. Henshaw insisted on having the Cadillac, and she bought it; that practically all of the dealings were with Mrs. Henshaw.

Mrs. Henshaw testified that she bought the car and that she understood at the time it was purchased that it was her car; that she had the keys to the car at the time it was levied upon.

Henshaw testified that he was present when the levy was made, and told the deputy sheriff that the car was not his; that he told the deputy that he had a car of his own, and showed it to him; that his was a Studebaker, and was parked beside the Cadillac. He further testified that the car was bought for Mrs. Henshaw; that at the time he purchased the car he felt that he was financially able to give it to her; that at that time he had about $15,000 in his business and in his individual account; that he did not use the car in his business, but drove it when out with his wife, and occasionally drove it when alone.

The court found that the plaintiff was at the time of the institution of the action, and at all times prior thereto since the purchase of said automobile, the owner thereof, and accordingly rendered judgment in her favor.

Had this been a suit in equity, in which we were permitted to weigh the evidence, we would unhesitatingly reverse the judgment for such judgment is clearly against the weight of the evidence. But this action is an action at law, tried to the court without a jury, and by the long-established rule of this court, the findings of the trial court will be given the same weight as the verdict of a jury ,and where there is any evidence reasonably supporting the judgment, the same will not be disturbed by this court. Young v. Stevenson et al., 82 Okla. 239, 200 Pac. 225; Chadwell v. Brown, 88 Okla. 44, 211 Pac. 410. There is some evidence reasonably supporting the judgment, therefore the same will not be disturbed.

The judgment is affirmed.

JOHNSON, C. J., and McNEILL, COCHRAN, and WARREN, JJ., concur.