## BELLAH v. KEITH.

No. 17304—Opinion Filed Sept. 28, 1926.

(Syllabus.)

**Appeal and Error—Review—Questions of Fact in Law Action Tried to Court—Conversion.**

In an action at law for conversion, where the parties waive a jury and submit the evidence to the court, the findings and conclusions of the court are in effect the same as a verdict of a jury. In such a case if the evidence discloses a state of facts reasonably supporting the conclusion reached, the judgment based upon the findings will not be disturbed by this court on appeal.

Error from District Court, Harmon County; Frank Mathews, Judge.

Action by Raymond Keith against L. H. Bellah. Judgment for plaintiff, and defendant brings error. Affirmed.

C. H. Madden, for plaintiff in error.

R. D. Miller, for defendant in error.

BRANSON, V. C. J. The defendant in· error in this court was the plaintiff in the district court of Harmon county. He had sued the defendant for the value of certain property alleged to have been by the defendant converted and which belonged to the plaintiff. The property in question was a certain bale of cotton which had been ginned, and the gin number of the Long Gin Company was placed upon the same. The gin number was No. 1,621 and it was fastened upon the bale by means of a metal tag as well as a cardboard tag. The bale had been ginned on the 23rd day of October, 1924, and at that time weighed 490 pounds. The plaintiff, the alleged owner of said bale, left it at the ginnery for a considerable length of time, during which time one Mr. Henderson, who testified in this cause and who was the bookkeeper for the gin company, had noticed that the cardboard tag bearing the number had been torn off the bale. He replaced it only to find at a later date that it was torn off again. Whereupon he placed a secret mark upon the bale on the inside of the bagging. The bale of cotton so marked belonged to the plaintiff, Keith. Later this bale was located in the yard of the county weigher and bore the county weigher's number 13,572. The concealed slip of paper was found to be contained in the said bale bearing the number 13,572 as aforesaid, and that was the bale of cotton which was by one Urv Groff delivered to the defendant, Bellah, and for the value of which this suit was brought.

The trial court, a jury having been waived, found that the bale of cotton so converted was the bale belonging to the plaintiff, and rendered judgment against the defendant for the ascertained value thereof.

The defendant urges for reversal that the evidence as to the identification of the bale in question as the one ginned for the plaintiff was insufficient to support the finding and judgment of the trial court.

In reading the record it appears that the Keith bale of cotton was understood by some of the witnesses to be of the quality possessing, in the vernacular of cotton experts, ˈbloom; that is to say, that it was picked and ginned early in the cotton season before the seed cotton had hung in the boles and its original color to some extent changed by frost and rain. It seems that experts testified that the bale No. 13,572 was what they graded as gray cotton, which to the cotton expert means that it had been picked or gathered after being exposed to the weather, as aforesaid,· for a considerable length of time. It also appears that said bale No. 13,572 which was traced to the defendant weighed 490 pounds when the defendant received it, which was

several weeks after it had been ginned; that during that time it had been exposed to the rain and the sunshine. There was testimony in the record that such a bale of cotton which weighed 490 pounds when it was ginned would not under such conditions have the same weight many weeks thereafter after being exposed to the weather, but the testimony on this disclosed at least by reasonable inference that if the cotton absorbed the moisture the sunshine thereafter might rid the bale of the moisture and that the scales at the ginnery and the scales of the defendant might have varied slightly. It also shows that a bale weighing 490 pounds on October 23rd might be weighed by the purchaser weeks later at the same number of pounds.

But, on the other hand, the evidence above synopsised, we think, traced the bale of cotton of the plaintiff as the bale which was delivered to the defendant. Certainly, the evidence was sufficient to bring the judgment and finding of the trial court within the rule of this court laid down in law actions. That rule is this:

"In an action at law tried to the court without a jury the findings of the court will be given the same weight as the verdict of a jury, and where there is any evidence reasonably tending to support the finding and the judgment, the same will not be disturbed on appeal." McCullough v. Henshaw, 101 Okla. 289, 225 Pac. 898, and other cases therein cited.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, LESTER, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 4 C. J. pp. 876 879, §2853; 2 R. C. L. p. 194: 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.