## MORGAN et al. v. MOZLEY.

No. 14222—Opinion Filed Dec. 4, 1923.

Rehearing Denied Jan. 29, 1924.

### (Syllabus.)

**1. Appeal and Error—Questions of Fact—Judgment.**

In a law action tried to the court without a jury, where the evidence tends reasonably to support the judgment, it will not be disturbed on appeal.

**2. Chattel Mortgages—Validity—Denial of Title by Mortgagor.**

A mortgagor of chattels will not be permitted to assert the invalidity of a mortgage executed by him, on the ground that he was not the owner of the chattels mortgaged.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Laura L. Mozley against Joe Morgan and others. Judgment for plaintiff, and defendants bring error. Affirmed.

H. G. Butts and H. M. Carr, for plaintiffs in error.

Bowling & Farmer, for defendant in error.

COCHRAN, J. This was an action for the recovery on a bond given by the plaintiffs in error in a forcible entry and detainer action. Defendant in error brought a forcible entry and detainer suit against Joe Morgan for the possession of certain land belonging to her. Judgment was rendered against Joe Morgan in the district court, and he appealed to the Supreme Court and executed the appeal bond which is sued on in this case. Judgment of the trial court was affirmed by the Supreme Court in 1921 and an execution was issued under which the land was taken from the said Joe Morgan and returned to the defendant in error. At that time there were 3,156 bushels of corn on the place which had been grown thereon during the year 1921. At the time the defendant in error was restored to the possession of the real estate. the crop of corn grown thereon during 1921 had not been gathered. Thereafter the State Bank of Maysville took possession of the corn under a chattel mortgage executed to it by Morgan, gathered the corn, and stored it in a crib on the place. The bank and defendant in error thereafter. entered into an agreement whereby the bank took one-half of the corn on its mortgage and the defendant in error took the remaining one-half and applied it on the amount due her by Morgan. Suit was then brought on the appeal bond for the remainder of the amount due on the bond. Upon a trial of the case, judgment was rendered against the bondsmen.

The plaintiffs in error contend that the judgment of the trial court is not sustained by sufficient evidence, and, in support of this contention, argue that the trial court incorrectly figured the amount due for rent on the land, and that the trial court failed to charge the defendant in error with the value of all of the corn which was on the place at the time the property was restored to her and deducted from the amount charged against her the value of the one-half of the corn taken by the bank on its chattel mortgage.

As to the sufficiency of the evidence to sustain the judgment of the trial court, it is sufficient to say that this was a law action and that the testimony reasonably tends to support the judgment. As to the contention that the defendant in error should be charged with the entire crop of corn, it appears to be the contention of the plaintiffs in error that because the relation of landlord and tenant did not exist between the defendant in error and plaintiff in error, Morgan did not have the right to mortgage any portion of the crop grown on this land to the bank. and that the bank was entitled to no part of the corn under this mortgage; that the delivery by the defendant in error to the bank of one-half of the crop raised on the place was a voluntary act on her part and could not be charged to the plaintiff in error Morgan. There is no contention made

by Morgan that the mortgage executed to the bank did not cover this property, and, having mortgaged the same to the bank, he cannot now be permitted to claim that the bank had no right to the property covered by the mortgage because he was not the owner thereof or because he was not authorized to execute a mortgage thereon. Even though the defendant in error might have raised this question, Morgan was not entitled to do so, and, as between the bank and Morgan, the mortgage was valid and the bank was entitled to the property covered by the mortgage. The defendant in error could have relied on the bond entirely without taking any part of the crops if she had so desired, or she had the right to release a portion of the crops to the bank which held a mortgage thereon executed by Morgan.

It is our opinion that the judgment of the trial court is sustained by sufficient evidence and that it should be affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and BRANSON, JJ., concur.