**BOARD OF COUNTY COMR'S OF TULSA COUNTY v. TULSA CAMERA RECORD CO.**

No. 13631—Opinion Filed March 18, 1924.

Rehearing Denied Sept. 30, 1924.

**1. Counties—Claims—Statutory Authority.**

One who demands payment of a claim against a county must show some statute authorizing it or that it arises from some contract express or implied, which finds authority in law, and it is not sufficient that the services performed for which payment is claimed were beneficial.

**2. Counties — Contracts — Authority of Board of Commissioners.**

The board of county commissioners is the lawfully constituted agency to contract for and bind the county within the lawfully granted powers, and the board of county commissioners does not so act in their individual capacity, singularly, or collectively, but as a duly assembled body as a board of county commissioners in the way and manner provided by law.

**3. Same — County Clerk — Contracts for Services and Supplies.**

The county clerk is not authorized by law to contract for and bind the county in making contracts for supplies and services to be furnished and supplied in connection with the performance of the duties of his office.

**4. Same—Reversal of Judgment.**

Record examined; held, to be insufficient to support judgment for the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by the Tulsa Camera Record Company against the Board of County Commissioners of Tulsa County for debt. Judgment for plaintiff. Defendant brings error. Reversed and remanded with directions.

John M. Goldesberry, Co. Atty., and James Harrington, Asst. Co. Atty., for plaintiffs in error.

Woodard & Westhaefer, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced its action against the board of county commissioners by filing a claim for supplies and services claimed to have been performed for the county clerk, which was denied and appealed to the district court by the plaintiff. In the trial of the cause judgment went for the plaintiff on motion of the latter. The defendant has appealed the cause to this court and for error alleges that the judgment is not supported by sufficient evidence and is contrary to law.

The plaintiff was engaged in the business of photographing the original instrument into permanent records in lieu of copying instruments in the record of the county clerk by typewriter or other means. The plaintiff, through its president and general manager, testified the plaintiff had been negotiating with the county commissioners for some three months to enter into a contract with the company to furnish supplies and equipment and to photograph the original instruments filed for record in the county clerk's office into permanent records. Finally the plaintiff at a meeting of the board of county commissioners submitted a contract in blank form for the performance of such services. On motion, the county commissioners by a majority vote declined to enter into the contract. The witnesses then testified that the county clerk, who was present at the meeting, then asked the general manager how long it would take the plaintiff to install the equipment in his office to commence his work. The general manager replied it would take about ten days, and the county clerk then instructed him to proceed with the installment of the equipment, and with the performance of the work. Thereupon, the plaintiff installed the equipment and commenced the work about April 1st, and continued such services until the latter days of June when an order was served on the plaintiff by the board of county commissioners ordering the plaintiff to take its equipment from the office of the county clerk, which the plaintiff did. In the course of the trial the plaintiff testified that it had a contract with the county clerk to furnish the equipment and perform the services, which evidently related to the request and conversation between the plaintiff's officers and the county clerk at the meeting of the board of county commissioners, after the latter had declined to enter into the contract. The plaintiff undertakes to maintain its judgment for the claim on the grounds;

(a) That the board of county commissioners acquiesced and by its silence authorized the county clerk to make the contract.

(b) The recording of the instruments in question was a duty and necessity enjoined on the county clerk and he was therefore acting within the scope of his lawfully granted powers in making the contract.

The record of the action of the board of county commissioners on the claim as transcripted to the district court shows that the board denied payment for the reason "that said services and supplies were not author-

ized nor contracted for by the board of county commissioners of Tulsa county."

We do not think the action of the county clerk in contracting with the plaintiff for services and supplies came within the rules applied in Smart v. Board of County Commissioners of Craig County, 67 Okla. 141, 169 Pac. 1101. The board of county commissioners is the duly constituted agency to contract for and bind the county within the lawfully granted powers. The members of the board of county commissioners acting personally or collectively cannot bind the county in a lawful contract. The individual officers in order to so do must act in a duly assembled body as is required and provided by law. The board of county commissioners lawfully assembled as a board of county commissioners by a record vote on the offer of the plaintiff declined to enter into a contract with the latter for the supplies and services involved in this action.

The officers of the plaintiff were then present at the meeting and were cognizant of the action of the board. Notwithstanding this fact, and according to their own testimony, the plaintiff at the direction of the county clerk then undertook to furnish the supplies and perform the services involved in this action. In so doing the plaintiff acted on the direction of the county clerk at its own peril. It may be that the services were beneficial to Tulsa county, but the action cannot be sustained on this ground. The duly authorized agent of the county for making such contracts is before us denying the authority of the county clerk to assert this power, and regardless of the merits of this claim, the law sustains the contention of the board. The contention of the plaintiff that the board of county commissioners authorized the county clerk to enter into the contract, by acquiescing in the making of the contract, is unsupported by the evidence. In fact, the substance of the evidence of both parties denies this conclusion. Under the rules applied in the cases of Board of County Commissioners of Washita County v. Brett, 32 Okla. 853, 124 Pac. 57, and Board of County Commissioners of Craig County v. Germo Mfg. Co., 71 Okla. 237, 176 Pac. 902, the plaintiff is denied recovery in this action.

The additional authorities apply the same rules. Perry Water & Ice Co. v. City of Perry, 29 Okla. 593, 120 Pac. 582; Reed v. Marion County, 21 Kan. 419; Board of County Commissioners of Cleveland County v. Seawell, 3 Okla. 281, 41 Pac. 592; Covington v. Hallan, 16 Ky. L. Rep. 128; Smith v. Board of County Commissioners, Kay County, 47 Okla. 184, 148 Pac. 111; News

Dispatch Ptg. Co. & Auditing Co. v. Board of County Commissioners, 61 Okla. 259, 166 Pac. 207; Worrell Mfg. Co. v. City of Ashland, 159 Ky. 656, 167 S. W. 922; 52 L. R. A. (N. S.) 880.

Therefore it was error for the court to refuse the motion of the defendant for an instructed verdict.

It is recommended that this cause be reversed and remanded, with directions to sustain defendant's motion for judgment.

By the Court: It is so ordered.