In re GUARDIANSHIP OF PITMAN.
McMURRY, Gd'n, v. COLE.

No. 15149—Opinion Filed Oct 14, 1924.

(Syllabus.)

1. **Guardian and Ward—Removal of Guardian—Right of Minor's Relative to Institute Proceeding and Appeal from Decision.**

Under and by virtue of sections 1431 and

1439, Comp. Stat. 1921, taken in connection with the various other sections of the statute dealing with the exercise of the power of the county court, sitting in probate, to protect minors and incompetents, it is clear that it is not without the purview and purpose of the law that a relative or next friend of either, in the sense of acting for and in the name of the minor, may call the attention of the county court to either the necessity for a guardian in the first instance or the necessity for new guardian. where cause for removal of the old guardian exists under section 6590. What is within the intent or spirit of the law is within the law itself. Having such right. if such relative or next friend feels the determination of the relief sought for the minor or incompetent made by the county court was not proper under the law, and the order entered affects a substantial right of such minor or incompetent, appeal to the district court, under subdivision 8. section 1410, is proper. Record in the instant case examined, and held, such substantial right was affected by the order of the county court and appeal was the remedy.

## 2, Same — Sufficiency of Grounds for Removal.

Conceding that the guardian of a minor has the right to appeal from the judgment of a district court which goes no further than to remove him as guardian, the evidence and proceedings in which court are based on a petition which charges, in effect, that the appointment of the guardian was void for the reason that at the time of said appointment the guardian was a county official and as such disqualified by the statute to act as guardian: that since his appointment he has taken from the estate of said minor extortionate sums of money as fees for pretended services rendered and paid extortionate sums of money as attorney fees: and that he caused said minor to be kept virtually as a prisoner in a state foreign to that of its residence, in charge of guardian's brother-in-law, to whom he paid a large monthly allowance, and $100 per month to guardian's niece for acting as tutor: and none of which facts were disclosed by any report filed by the guardian; where the evidence reasonably sustains such allegations, this court will not disturb the judgment of the district court exercising its appellate jurisdiction from the county court in probate. Record examined in the instant case, and held, that there was evidence supporting the charges made and the court did not abuse its discretion in removing the guardian, and the order and judgment of the district court to that effect is affirmed.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

In the matter of the guardianship of Wilson S. Pitman, a minor. Petition by Rosella Cole for removal of guardian, Joe McMurry. From judgment of removal, McMurry appeals. Affirmed.

Grant Foreman, Guy F. Nelson, and J. D. Sims, for plaintiff in error.

Neff & Neff, E. M. Frye, and J. B. A. Robertson, for defendant in error.

GORDON, J. In determining the questions raised by the appellant, Joe McMurry, we shall not pass on the motion to dismiss the appeal filed herein, but it must not be understood thereby that the questions raised by said motion are determined adversely to the contention made in support thereof. We treat the case as if the right to prosecute error in this court were conceded to the appellant.

Wilson S. Pitman was and is at all times hereinafter mentioned a minor and a citizen by blood of the Creek Tribe of Indians. Joe McMurry, the appellant herein, was his guardian, and in this opinion will be referred to as such. By a judgment and order of the district court of Muskogee county, Okla., made and entered on appeal from the county court, the said guardian was removed on February 17, 1924. The guardian received his appointment as such by the county court of Muskogee county on October 17, 1919. The record discloses that at the time of his appointment as such guardian he was deputy sheriff of Muskogee county functioning as bailiff for the county court which appointed him guardian of said minor. Rosella Cole, related as a cousin of said Wilson S. Pitman, filed her petition in the county court of Muskogee county to remove the guardian for causes in said petition set forth, which are, in substance: That the appointment of the said guardian was absolutely void for the reason that at the time of said appointment the guardian was a county official of Muskogee county and as such was disqualified to act as guardian; that since his alleged appointment he has taken from the estate of said minor for his own compensation an amount in excess of $22,500 and in addition thereto a special allowance of $15,000, and that he has paid as attorney fees and expenses of attorneys the sum of $53,000, and that while acting as guardian of said minor he was also coguardian with another (whose name is unnecessary to mention here) of one Lucinda Pitman, mother of said minor, and that out of the two estates he has paid out for guardian fees and attorney fees since his appointment approximately $170,000: that during his guardianship he has caused said minor to be kept virtually as a prisoner in a small town in another state in charge of guardian's brother-in-law, pro-

hibited from either seeing or talking to any one or corresponding even with their relatives; that letters addressed to him are censored before they are allowed to be received; that the guardian has paid his said brother-in-law $150 per month, for board for said minor and that guardian's niece receives $100 per month for acting as tutor for said minor; none of which facts were disclosed by the reports filed by the said guardian.

The said petition is concluded by the prayer as follows:

"Wherefore, your petitioner prays that it be adjudged that Joe McMurry was never legally appointed guardian of said minor and is not now guardian and for removing him from acting further as guardian and appointing some suitable and proper person to act as guardian and directing that proceedings be had for the recovery of the money above mentioned that has been paid out of his estate, and for such other relief as may be just."

On hearing, the county judge declined to make an order as prayed by the said Rosella Cole, and from the order of the county court refusing to remove the guardian an appeal was perfected to the district court of Muskogee county. On hearing in the said district court the result was as indicated above, and the removal of the guardian was based upon certain findings of fact made by the district court, and from the order and judgment of said court on appeal from the county court the guardian brings the case here, and his assignment of errors may be summarized: That the appeal to the district court should have been dismissed, "there being no substantial right of Rosella Cole affected by the judgment of the county court;" that a court bailiff is not an officer within the meaning of section 1464, Comp. Stat. 1921, and that the payment of the fees charged does not constitute cause for removal of the guardian, and that the finding of the district court is not supported by the evidence.

In support of the first assignment, which we think is the most serious one made here, the appellant cites section 1410, Comp. Stat. 1921, and says that said section is the exclusive provision of law on the subject of appeals in probate matters from the county court to the district court, said section undertaking to specify the numerous characters of orders in probate from which appeal lies to the district court, and since the refusal of the county court to remove a guardian is not specifically embraced therein, it is not in contemplation of any of the subdivisions of said section of the statute. On a careful reading of the statute, we do

not think that this contention is tenable. In answering this argument the opposition attorneys cite section 16 of art. 7 of the Constitution of Oklahoma, which provides, in so far as important here:

"Until otherwise provided by law, in all cases arising under the probate jurisdiction of the county court, appeals may be taken from the judgment of the county court to the district court of the county in the same manner as now provided by the laws of the territory of Oklahoma, * * * and in all cases appealed from the county court to the district court the cause shall be tried de novo in the district court upon questions of both law and fact."

So, it appears clear that until otherwise provided by law, in all matters in the exercise of its probate jurisdiction appeals could be perfected to the district court, and in that court the trial was had de novo on all questions of law and fact, with the power vested in the district court to enter such judgment as in its conclusion the facts warranted. We do not think the citation of this section of the Constitution is a complete answer to the contention made by the appellant on this assignment, for the reason that this constitutional provision itself expressly leaves the door open to legislation on this subject, and if the Legislature has spoken since the adoption of said constitutional provision, we must look to the legislative enactment to find whether there is anything which alters this broad constitutional provision. The said section 1410 was an Oklahoma Territory statute which, at statehood, by operation of law, was extended over the entire state, but could not be considered as such an enactment as would alter the said constitutional provision until the Legislature of Oklahoma re-enacted this statute by the adoption of the Revised Laws of 1910 in code form. So, if the said section 1410 has any provision therein found which can be contrued as an alteration of the said constitutional provision, the statute must be looked to to determine in what cases an appeal will lie, and it is left as the sole definer of the characters of orders from which an appeal can be perfected to the district court. We are then faced with the question, as the guardian contends, as to whether or not there is any authority found in said section 1410 authorizing an appeal from the order drawn in this proceeding in the district court. Said section 1410 provides:

"An appeal may be taken to the district court from a judgment, decree or order of the county court: * * * Eighth. From any other judgment, decree or order of the county court in a probate cause or of the judge thereof affecting a substantial right."

On this subdivision of said section the guardian, in effect, comments that "a substantial right" affected by the order, judgment, or decree made appealable by this subdivision goes to such, and such only, as effects one who would be an heir to property, or, as we understand it, a right substantial to the adult who, as relative or next friend, may be prosecuting in the name of the minor for the relief sought. It is in this respect we think that the contention of the guardian is in error. We do not now recall a possible circumstance in which the making of an order, or the refusal to make an order, touching the excessive and alleged extortionate expenditure of moneys belonging to a minor or the exercise of the functions of a guardian by one alleged to be disqualified to hold the position, the receipt by one so alleged to be disqualified of large fees in violation of law, is alleged, would not affect the substantial rights of the real party in interest, to wit, the minor whose estate is in probate in the court from whose order the appeal is sought to be taken. The substantial right referred to in said subdivision is not confined to a right of the person acting as relative or next friend, but is directed to the substantial right of the minor. In commenting upon this section of the statute in a case where an appeal was sought to be perfected from the county court touching the purchase at an alleged extortionate price of certain real estate for a minor Indian, this court, in the case of Clark v. De Graffenreid, 64 Okla. 177, 166 Pac. 736, after discussing the effect of the Act of Congress of May 27, 1908, ch. 35. 32 Stat. 312, to be that the probate attorneys were legislative "next friends" of minors and the effort of the said probate attorneys to appeal from the order of the county court to the district court by virtue of their being legislative "next friends," said:

"This appeal was clearly authorized by section 6501. Rev. Laws 1910, (which is the same as section 1410, Comp. Stat. 1921, above quoted.) An order authorizing and directing an expenditure of a ward's money in the purchase of real estate for him 'affects' his substantial rights; and for the purpose of determining whether or not they should and will prosecute the remedy of appeal, these special representatives of the minor allottee must necessarily be the judges in the first instance as to whether such substantial rights are affected adversely; and the question as to the value of the land and as to whether it was to the interest of the minor to purchase the same, which may be determined upon appeal, is not pertinent to the question of their authority to appeal in behalf of such minor allottee or to the question of the jurisdiction of the district court over the case in any other respect."

We have carefully examined the entire record in this cause, including all the evidence submitted in substantiation of the allegations of the petition, and reviewed the finding made by the district court and the conclusions of law reached. The statute under which the relief is sought in this proceeding is section 1491, Comp. Stat. 1921, and is as follows:

"When a guardian, appointed either by a testator or the county court or judge, becomes insane or other wise incapable of discharging his trust, or unsuitable therefor, or has wasted or mismanaged the estate, or failed for thirty days to render an account or make a return, the county court may, upon such notice to the guardian as the court may require, remove him and compel him to surrender the estate of the ward to the person found to be lawfully entitled thereto."

The language in which this provision of law is couched can be contrued only as conferring upon the court in probate a very wide discretion in determining the fitness of a person to remain guardian of a minor or incompetent, and where the evidence tends to show the existence of one ground, it may also be very potent to the mind of the court in establishing other grounds enumerated by the statute. The evidence in the instant case sustains the allegations made by the petition. The guardian was present and did not offer to explain the many cunning irregularities, if irregularities they may be called, and we think his conduct in that respect places him very much in the attitude described by this court in the case of Perry v. Shaver, 101 Okla. 248, 325 Pac. 359. wherein it said:

"The husband did not take the witness stand. The wife, refusing to hazard explanation of the voluminous testimony of prejudicial conduct of herself and her husband. stands here only on the coldly asserted insufficiency of the evidence against her. Refusing explanations as she did, her defense bears not the mark of honest battle. and this the court has often held to be material and most substantial proof against her. See 27 C. J. 803; Potts v. Rubesam, 54 Okla. 408, 156 Pac. 356."

Why his complete dealings with this minor Indian could not be disclosed in his reports; why the vouchers, showing more enormous expenditures than the petition even charges, could not be filed with his reports: why the minor was kept away from his home state in attempted seclusion; why $150 per month was paid the guardian's brother-in-law: why $100 per month was paid the guardian's niece as tutor—and none

of this made known in the reports filed by the guardian—are matters which, if justifiable, should have been justified and would have placed the guardian in a much better light had he displayed a disposition to state an excusable version of these concealed affairs to the tribunal authorized by law to supervise the proper conduct of estates of minors. Under these circumstances, we think that the record fails to disclose that the court abused its discretion in entering the order of removal, and its judgment is, therefore, affirmed.

McNEILL, C. J., and NICHOLSON, HARRISON, JOHNSON, BRANSON, LYDICK. and WARREN, JJ., concur.