## NEWS-DISPATCH PRINTING & AUDIT CO. v. BOARD OF COM'RS OF LeFLORE COUNTY.

No. 15243—Opinion Filed March 31, 1925.

Rehearing Denied Oct. 13, 1925.

**1. Appeal and Error—Review—Conclusiveness of Findings in Law Action.**

In an action at law, tried to the court without a jury, the findings of the court will be given the same weight as the verdict of a jury, and where there is any evidence reasonably supporting the judgment, the same will not be disturbed.

**2. Counties—Purchase of Office Supplies — Duty of Board of Commissioners.**

The statute has designated the board of county commissioners as the agent to purchase the necessary supplies for the use of other county offices in the performance of their official duties.

**3. Same—Duty Nondelegable.**

The statute does not grant to the board of county commissioners the power to delegate this duty to some other person.

**4. Counties—Claims—Statutory Authority.**

The plaintiff is not entitled to recover on a claim or contract against the county, unless it can be shown that the contract rests on some express or implied provisions of the law.

**5. Same—Invalidity of Contract for Supplies not Made by Commissioners.**

The separate contracts sued on in this case were made by and between the plaintiff and six county officers of LeFlore county and not by the board of county commissioners, which made said officers purchasing agents for the board. Held, the contract is null and void.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by the News-Dispatch Printing & Audit Company against the Board of Commissioners of LeFlore County. Judgment for defendant. Plaintiff brings error. Affirmed.

Philos S. Jones, for plaintiff in error.

James Babb, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of LeFlore county, Okla., by the News-Dispatch Printing & Audit Company, a corporation, plaintiff in error, plaintiff below, against the board of county commissioners of LeFlore county, defendant in error, defendant below, to recover money on six separate accounts in the aggregate sum of $1,318.37, with interest thereon at the rate of six per cent. per annum from the 25th day of February, 1922.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The petition contains six separate and distinct causes of action and is in the ordinary form of action on open accounts, alleging that plaintiff had sold and delivered to the defendant for J. Arthur Skinner, county superintendent of LeFlore county, records, blanks, stationery, supplies, and necessary equipment to the amount of $740.29; for W. H. Haggard and W. L. Harris, county assessors, to the amount of $318.48; for John H. Hunt, sheriff, to the amount of $13.65; for A. Meacham, county judge, to the amount of $61.02; for M. V. Woods, county clerk, to the amount of $175.38; and, for William Branson, court clerk, the sum of $9.55; that the said accounts had each been presented to the board of county commissioners as provided by law, and had been disallowed by the said board of county commissioners; that said supplies were delivered to the several officers and were used in the discharge of their official duties; and prayed judgment against the defendant in the separate amounts, heretofore referred to, and that the court make an order, directing the excise board to make proper levy of taxes for the payment of the judgment, interest, and costs. Verified itemized accounts of the various items were attached to the petition and made a part thereof.

The defendant answered by way of general denial, but admitted that the plaintiff was an Oklahoma corporation, and that the board of county commissioners of LeFlore county was a body politic and corporate, and was the agent of LeFlore county, and capable of suing and being sued.

Upon these issues the cause proceeded to trial to the court without the intervention of a jury, which was specially waived. After the introduction of an agreed statement of facts, the invoices and the record of the disallowances of the claims by the board of county commissioners, at the close of the testimony and argument of counsel, the court pronounced judgment in favor of the defendant and against the plaintiff, that plaintiff take nothing by its action filed herein, and that the defendant recover from the plaintiff all its costs, to which judgment of the court the plaintiff duly excepted, filed its motion for new trial, which was heard, over-

ruled, and exceptions duly reserved, and the cause comes to this court on appeal by said plaintiff from said judgment.

Upon examination of brief of counsel for plaintiff, we find that there are no specifications of errors, complained of, separately set forth and numbered, as required by Rule 26 of this court, a part of which is as follows:

"The brief shall contain the specifications of errors complained of, separately set forth and numbered; the argument and authorities in support of each point relied on in the same order."

This court has repeatedly held, under such circumstances, that the appeal may be dismissed, but, notwithstanding that the errors are not properly presented to this court, we have made a thorough examination of the record and briefs of counsel in this case. We find from such examination that the cause was submitted to the court and a jury waived upon an agreed statement of facts, which is as follows:

"It is agreed by and between Philos S. Jones, counsel for the plaintiff, and James Babb, county attorney of LeFlore county, that the itemized statement contained in plaintiff's petition is a true and correct statement of the blanks, stationery, records, and other supplies purchased and the amount to be paid for the same by the several county officers of LeFlore county and that they were necessary and proper for the transaction of the official business of the said several county officers of LeFlore county at the time of their purchase; that the dates of the several purchases as shown by the invoices introduced in evidence in the case on the 7th day of August, A. D. 1922, shall be taken and considered as the dates of the delivery of said goods herein sold to the various county officers and that after the filing of claims for all of the said blanks, stationery, records, and other supplies in said exhibits to said petition set out, and as set out in said invoices, herein, the board of county commissioners of the county of LeFlore, on the 7th day of February, A. D. 1922, disallowed all of said claims in full and refused to pay said claims or any part thereof, with the stipulation that there were no funds on hand with which to pay for same out of the previous fiscal year. This 8th day of August, A. D. 1923."

The rule to be applied here is as set forth in the case of McCullough v. Henshaw, 101 Okla. 289, 225 Pac. 898, that:

"In an action at law, tried to the court without a jury, the findings of the court will be given the same weight as the verdict of a jury, and where there is any evidence reasonably supporting the judgment, the same will not be disturbed."

And to the same effect are the cases of Morgan v. Mozly, 101 Okla. 21, 222 Pac. 515; Breene & Kinnear et al. v. Mac Whyte Co., 101 Okla. 247, 224 Pac. 959, and York v. Chamblee & Son, 102 Okla. 127, 227 Pac. 90.

On examination of the agreed statement of facts, we find it recites that the items, for which judgment was asked in this case, were purchased "by the several officers of LeFlore county," and that the claims presented by the plaintiff to the board of county commissioners of LeFlore county were disallowed "with the stipulation that there were no funds on hands with which to pay for same out of the previous fiscal year." In another place in the agreed statement of facts, we again find the following language:

"The dates of the invoices * * * shall be taken and considered as the dates of delivery of said goods herein sold to the various county officers."

Under the statute, section 5793, Comp. St. 1921, the board of county commissioners is charged with the duty of furnishing the necessary supplies to the various county officers, and it cannot delegate this duty to any officer or other person, and, in the recent case of Board of Com'rs of Tulsa County v. News-Dispatch Printing and Audit Co., 104 Okla. 260, 231 Pac. 250, this court held:

"The statute has designated the board of county commissioners as the agent to purchase the necessary supplies for the use of other county officers in the performance of their official duties.

"The statute does not grant to the board of county commissioners the power to delegate this duty to some other person.

"The plaintiff is not entitled to recover on a claim or contract against the county, unless it can be shown that the contract rests on some express or implied provision of the law.

"The contract sued on in this case was made between the plaintiff and the county clerk of Tulsa county, as the result of a prior board of county commissioners making the county clerk the purchasing agent for the board. Held, the contract is null and void."

In the case, supra, the county clerk purchased the supplies, and in the instant case, the county superintendent, the county assessors, the county sheriff, the county judge, the county clerk, and the court clerk made the purchases, as shown by the agreed statement of facts, and under the authority of the above case, which is clearly in point, these officers of the county had no right to

make such purchases, had no right to bind the county, and the contract, not having been made with the county commissioners, as provided by law, is invalid and not enforceable against the county. Under this state of the record in this case, as was held in the case, supra, it does not come within the rule applied in the case of Smart, Sheriff, v. Board of County Com'rs of Craig County, 67 Okla. 141, 169 Pac. 1101, cited and relied upon by attorney for plaintiff. To the same effect are the cases of Board of County Com'rs of Tulsa County v. Co-Operative Publishing Company, 104 Okla. 262, 231 Pac. 251, the Board of County Com'rs of Tulsa County v. Walker-Taylor Company, 104 Okla. 261, 231 Pac. 252, and the Board of Com'rs of Tulsa County v. Tulsa Camera Record Co., 103 Okla. 35, 228 Pac. 1103.

The fact, urged by counsel for plaintiff, that the supplies were necessary, cannot be successfully urged to sustain his contention that he was entitled to a judgment for the reason that such a contention cannot be effective to give validity to an illegal or void contract.

This court, in the case of In re Town of Afton, 43 Okla. 720, 144 Pac. 184, said:

"One who deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with a municipality or furnish it supplies do so with such knowledge; and, if they go beyond the limitations imposed, they do so at their peril."

There can be no obligation resting upon a board of county commissioners, except such as is imposed by law, and, as we have heretofore found, the purchase by and the sale to the six county officers of LeFlore county was illegal and without any authority of law, it is unnecessary to go into the question of the disallowance of the claim by the county commissioners upon the ground, as shown in the agreed statement of facts, that the disallowance was made under "the stipulation that there were no funds on hands with which to pay for same out of the previous fiscal year."

We are, therefore, of the opinion that the disallowance of the claims by the board of county commissioners was correct in the first instance, and the refusal of the court to give judgment in favor of the plaintiff and against the defendant for the amount of the unlawful claims is fully sustained by the evidence under the agreed statement of facts and statute law of this state, as defined and interpreted by the decisions of this court,

quoted, cited, and referred to in this opinion.

We, therefore, conclude that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.