Note.—See under (1) C. J. p. 122, §127; anno. L. R. A. 1916A, pp. 147, 163; L. R. A. 1917D, 186; 28 R. C. L. p. 823; 4 R. C. L. Supp. p. 1868; 5 R. C. L. Supp. p. 1579. (2) C. J. p. 104, §102; L. R. A. 1917D, 139; 1918E, 562; 28 R. C. L. p. 825; 5 R. C. L. Supp. p. 1579; 6 R. C. L. Supp. p. 1763. (3) C. J. p. 94, §83 (Anno).

---

## In re GUARDIANSHIP of PITMAN. DUDDING v. NEFF.

No. 17315—Opinion Filed Nov. 23, 1926.

**1. Courts—Duplicitous Appeal from Probate to District Court.**

Where the record affirmatively shows that the district court, on appeal from a single blanket order made by the county court in two probate cases, docketed two appeals and rendered separate judgments in each case, one of which judgments has become final, the appeal in the other case is not void for duplicity unless the record affirmatively shows that the appellant did not file the order appealed from, notice of appeal and appeal bond in each case to which it applied.

**2. Same—Sufficiency of Appeal Bond.**

Although an order of the county court appealed from is a single order made in two probate cases without consolidating them, a bond on appeal to the district court which has incorporated in it by reference the order appealed from, the showing the appeal to have been taken from a separate order in a certain probate case sufficiently identifies the order as a separate order made in that case as to sustain the jurisdiction of the district court on appeal where the notice of appeal also contains, by reference, the same order.

**3. Attorney and Client—Right to Recover Reasonable Attorney Fee—Expert Testimony.**

The amount of an attorneys compensation, when not fixed by the terms of a contract, is measured by the reasonable value of the services rendered, and expert testimony by attorneys in good standing is admissible to prove the value of the services rendered

**4. Same—Amount of Recovery for Fee Sustained.**

Record in the instant case examined, and

held, that the judgment of the trial court allowing an attorney's fee of $2,000 is reasonably supported by the evidence, and that the trial court did not abuse its discretion in allowing that sum.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; A. C. Brewster, Judge.

Action by William Neff against John R. Dudding, guardian of Wilson S. Pitman, a minor. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Cotton, Ed. K. Brook, and Archibald Bonds, for plaintiff in error,

Vilas V. Vernor, for defendant in error.

Opinion by FOSTER, C. This is a proceeding in error brought by J. R. Dudding, guardian of the estate of Wilson S. Pitman, a minor, to review a judgment of the district court of Muskogee county allowing the defendant in error. William Neff, an attorney's fee of $2,000 for alleged professional services rendered the estate of said minor in removing a former guardian.

It appears that A. H. Davidson and Joe McMurray were former guardians of Wilson Pitman, a minor, and one of them was also the former guardian of Lucinda Pitman, an incompetent, the mother of the said Wilson Pitman, and that the defendant in error, William Neff, in conjunction with a number of other attorneys, had been instrumental in proceedings conducted in the county court of Muskogee county where both guardianship cases were pending at the instance of certain individuals acting as next friends of said minor and incompetent in causing said former guardians to be removed.

It also appears that the litigation in connection with the attempted removal of these guardians finally reached the Supreme Court of this state, where the judgment of the district court of Muskogee county removing the former guardians was affirmed. McMurray v. Cole, 107 Okla. 108, 238 Pac. 417.

The removal proceedings having terminated in the Supreme Court favorable to each of said estates, the defendant in error, William Neff, thereupon filed in the county court of Muskogee county his application for allowance of an attorney's fee in both the Wilson Pitman and Lucinda Pitman cases. A number of other attorneys filed similar applications. These petitions were set for hearing in the county court, and inasmuch as the services rendered were the same in each case they were heard together, but were not consolidated. A judgment was rendered by the county court, fixing the fee of the defendant in error for all services rendered at $2,500. two-thirds of which was to be paid out of the estate of Lucinda Pitman and one-third out of the estate of Wilson S. Pitman, a minor.

The defendant in error, not being satisfied with the allowance made by the county court, gave notice of an appeal to the district court upon questions of both law and fact.

In due time a transcript on appeal was filed in the district court of Muskogee county. Prior to the trial in the district court on appeal the district court entered an order permitting the defendant in error, William Neff, to "detach the transcript made up In the Matter of the Estate of Lucinda Pitman, and to docket the same as a separate appeal." The plaintiff in error, objecting to this order, saved an exception thereto. The plaintiff in error then moved to dismiss the appeal of the defendant in error on the ground that said appeal was duplicitous, and on the further ground that the appeal had not been taken as provided by law, in that no appeal bond was filed in the cause. This motion was overruled, to which an exception was reserved by the plaintiff in error. The cause thereupon proceeded to trial before the court without the intervention of a jury, which resulted in a judgment allowing the defendant in error a fee of $2,000 in the Wilson Pitman case and a fee of $4,000 in the Lucinda Pitman case.

No appeal has been prosecuted from the allowance in the Lucinda Pitman case, and that judgment has become final. From the judgment in the Wilson Pitman case and from the order of the court overruling his motion for a new trial, the plaintiff in error has perfected his appeal to this court claiming that the trial court erred in not dismissing the appeal of the defendant in error from the county court and in allowing the defendant in error an attorney's fee of $2,000, same being too large.

Was the appeal of the defendant in error, William Neff, duplicitous? It is conceded by the plaintiff in error that the trial court rendered judgment in the Lucinda Pitman case in favor of the defendant in error for the sum of $4,000. The record before us does not purport to set out the contents of the combined transcripts on appeal as they appeared before the Lucinda Pitman transcript was detached.

The argument of plaintiff in error, that the appeal taken by the defendant in error

from the order of the county court in the Wilson Pitman case was duplicitous, appears to be based upon the fact that a single blanket order was made by the county court in both cases without an order consolidating them.

It occurs to us, in view of the unusual nature of the order made by the county court in making a single order, that the only manner in which a party feeling aggrieved by said order could appeal therefrom would be to file notice of appeal and appeal bond in each case to which the order applied.

The district court entered an order permitting the defendant in error to detach the transcript made up in the matter of the estate of Lucinda Pitman, and docket the same as a separate appeal, and thereafter rendered a separate judgment in favor of the defendant in error in the Lucinda Pitman case for $4,000, which has become final, and while the contents of the combined transcript before the same was separated is not before this court, we think it should be presumed, in support of the final judgment rendered in the Lucinda Pitman case, that the defendant in error, in view of the unusual nature of the order entered by the county court, filed separate notice of appeal and appeal bond in each case, thus making it permissible for the district court to detach the Lucinda Pitman transcript and docket the same as a separate appeal.

It is further contended that the appeal from the county court should have been dismissed because the appeal bond filed by the defendant in error was a nullity, in that it did not refer separately to the judgment rendered by the county court in the instant case, and authorities are cited in support of the proposition that a single undertaking is void where an appeal is taken from separate orders.

As before stated, the only way in which the defendant in error could appeal from the single order made by the county court was to file the order, the notice of appeal, and the appeal bond in each case to which it applied. The record before us discloses that the notice of appeal had attached to it as a part thereof a copy of the blanket order of the county court showing the same to have been styled "In the Matter of the Guardianship of Wilson Pitman. a Minor, John R. Dudding, Guardian, No. 3382 State."

The appeal bond also by reference had incorporated in it the same order showing it to have been captioned in the same manner. While the bond filed in the caption thereof

failed to refer to any estate by number or otherwise the order attached to the bond became a part of the bond itself, and that order showed that the bond was given in the case of Wilson S. Pitman, a minor, same being No. 3382 in the probate court of Muskogee county.

When the notice of appeal and the appeal bond are considered in connection with the exhibits attached thereto, and made a part thereof and in connection with the action of the county court in making a single order in both cases, we think it not too much to say that the appeal bond sufficiently identified the order appealed from as a separate order made in the Wilson Pitman case as to sustain the jurisdiction of the district court on appeal.

The fact that the bond itself was not in the terms made payable to the state of Oklahoma, if otherwise in conformity with the law, would not so far invalidate it as to destroy the jurisdiction of the district court on appeal. Barnett v. Blackstone Coal & Mining Co., 60 Okla. 41, 158 Pac. 588.

Plaintiff in error next contends that the allowance of $2,000 to the defendant in error as an attorney's fee in the Wilson Pitman case was excessive, and that the trial court abused its discretion in allowing said sum. We cannot agree with this contention.

The record discloses that the defendant in error as the attorney for the next friend of Wilson S. Pitman instituted a proceeding in the county court for the removal of the former guardians of said minor, and conducted this proceeding through the county court; prosecuted an appeal to the district court, and on appeal by the former guardians from an adverse judgment rendered by the district court of Muskogee county. appeared and filed briefs and orally argued the matter in the Supreme Court, the litigation finally resulting in a judgment by the Supreme Court removing the former guardians.

The estate of Wilson S. Pitman is shown to be of the reasonable value of $140,000. Evidence was produced which convinced the Supreme Court that the former guardians of both Wilson Pitman and Lucinda Pitman had been squandering both estates by extravagant conduct of different kinds, this court finding that the evidence sustained allegations that the guardians had paid out of the two estates during their tenure as guardians the sum of approximately $170,-000 in guardian's. and attorney's fees.

There can therefore be little question that the litigation conducted by the defendant in

error was of an important and serious nature, and that the result of the litigation was beneficial to the estate of said minor.

There was testimony from a number of attorneys in good standing, from which the trial court was justified in concluding that the fair value of the services rendered by the defendant in error to the Wilson Pitman estate was $2,000. In fact, there was very little conflict in any of the testimony as to the amount of the aggregate fees which should be allowed the attorneys in both cases.

Most of the expert witnesses for the plaintiff in error fixed the total fee for all attorneys in both cases from $7,500 to $10,000. The testimony on behalf of the defendant in error was that these services were worth $10,000. There was testimony from which the trial court was justified in concluding that the whole case was at all times under the supervision and direction of the defendant in error, and an allowance of a fee of $2,-000 to the defendant in error in the Wilson Pitman case and $4,000 in the Lucinda Pitman case is, we think, under the evidence, not unreasonable, in view of the importance of the litigation and the benefits that resulted to the estate. In any event, the judgment of the trial court is justified by evidence reasonably tending to support it, and in these circumstances the same will not be disturbed by this court on appeal. News Dispatch Printing & Audit Co. v. Board of County Commissioners. 112 Okla. 138, 240 Pac. 64; Enid Oil & Pipe Line Co. v. Champlin, 113 Okla. 170, 240 Pac. 649.

Upon a careful consideration of the entire record we conclude that the judgment of the trial court is correct. and should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 354, §107 (Anno). (2) 3 C. J. p. 1155, §1223. (3) 6 C. J. p. 748, §331; 22 C. J. p. 699, §788; 2 R. C. L. p. 1061; 1 R. C. L. Supp. p. 691; 4 R. C. L. Supp. p. 137. (4) 6 C. J. p. 748, §331.