## BOARD OF COM'RS OF ADAIR COUNTY v. MORRIS DISINFECTING CO.

No. 20015.   Opinion Filed May 19, 1931.

W. A. Corley, Co. Atty., for plaintiff in error.

R. Y. Nance, for defendant in error.

HEFNER, J. This is an action brought in the county court of Adair county by the Morris Disinfecting Company against the board of county commissioners of Adair county to recover for supplies purchased from them by the sheriff of that county.

The defense was that the contract was void because the sheriff was without authority to enter into the contract and because the appropriation made by the county for the purchase of supplies was exhausted at the time the contract was entered into. The trial court entered judgment in favor of plaintiff.

Defendant contends the judgment should be reversed, because it is not sustained by the evidence and is contrary to law. This contention, in our opinion, must be sustained. The sheriff had no authority to enter into the contract. He could not bind the county. The board of county commissioners is designated purchasing agent of the county by statute. Section 5793, C. O. S. 1921. It alone is authorized to enter into contracts for and in behalf of the county. Tulsa County v. Tulsa Camera Record Co., 103 Okla. 35, 228 Pac. 1103; Edelman v. Bd. of Com'rs of LeFlore County, 110 Okla. 172, 257 Pac. 94; News-Dispatch Ptg. Co. v. LeFlore County, 112 Okla. 138, 240 Pac. 64.

The judgment is erroneous for another reason. It is admitted that the appropriation made by the county for the purchase of supplies was exhausted at the time the contract was entered into. In these circumstances, under repeated holdings of this court, the contract is void and plaintiff cannot recover thereon.

Judgment is reversed, and the cause remanded, with directions to enter judgment in favor of the defendant.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

ANDREWS, J., absent.