## WESTERN CHEMICAL CO. v. BOARD OF COM'RS OF POTTAWATOMIE COUNTY.

No. 23920.    Jan. 22, 1935.

Park Wyatt and Byron Lamun, for plaintiff in error.

Clarence Tankersley, Co. Atty., for defendant in error.

CORN, J. This action was originally brought in the superior court of Pottawatomie county by the Western Chemical Company, plaintiff in error here, against the board of county commissioners of Pottawatomie county, defendant in error here, to recover a money judgment for a series of accounts which is claimed to be due for supplies furnished the county jail and the county poor farm, the total amount sued for aggregating the sum of $1,429.96, with interest and costs. From a judgment in favor of said plaintiff on one of said accounts, amounting to $120, with interest at six per cent. from October 26, 1929, until paid and for the costs and in favor of said defendant on the remainder of said accounts, the plaintiff prosecutes its appeal.

The evidence shows that an agent of said company, Nelson H. Ryan, over a period of 18 months, took orders for merchandise to be delivered to the county jail, which said merchandise was purchased to be used in the jail to disinfect, clean, and sanitize said jail; that all of said purchase orders except one was signed by the jailer alone, the other being signed by the jailer and then O.K.'d by the commissioners and signed by A. W. Goar, who was the chairman of said board.

The questions involved in this case are: (1) Is the company entitled to recover for goods purchased by the jailer? (2) May the county commissioners delegate their purchasing power to the jailer? and (3) Did the county commissioners enter into a contract with the company for the purchase of said merchandise or ratify said contract as made by the jailer? We will answer these questions respectively in the order that they appear above.

1. Is the company entitled to recover for goods purchased by the jailer? We must answer this question in the negative.

This court, in Board of Com'rs of Adair County v. Morris Disinfecting Co., 148 Okla. 127, 299 P. 431, held:

"The sheriff of a county is not authorized to enter into a contract on behalf of the county for the purchase of supplies for his office, and a person furnishing supplies under such contract cannot recover against the county."

And further in the opinion this court said:

"The sheriff had no authority to enter into the contract. He could not bind the county. The board of county commissioners is designated purchasing agent of the county by statute. Section 5793, C. O. S. 1921. It alone is authorized to enter into contracts for and in behalf of the county. Tulsa County v. Tulsa Camera Record Co., 108 Okla. 35, 228 P. 1103; Edelman v. Bd. of Com'rs of LeFlore County, 110 Okla. 172, 257 P. 94; News-Dispatch Ptg. Co. v. LeFlore County, 112 Okla. 138, 240 P. 64."

Section 5793, C. O. S. 1921, referred to above, is the same as section 7660, O. S. 1931.

2. May the county commissioners delegate their purchasing power to the jailer?

In the case of Board of Commissioners of Delaware County et al. v. News Dispatch Printing & Audit Co., 122 Okla. 107, 251 P. 606, this court said:

"Section 5793, Comp. Stats. 1921, expressly authorizes the board of county commissioners to provide, and charges them with the duty of furnishing, the necessary supplies to the various county officers, and it has heretofore been held by this court that this duty cannot be delegated to some other officer or person, as was apparently attempted to be done in this case. Board of Commissioners of Tulsa County v. News-Dispatch Printing & Audit Co., 104 Okla. 260, 231 P. 250; Board of County Commissioners v. Co-operative Publishing Co., 104 Okla. 262, 231 P. 251; Edelman v. Board of County Commissioners, supra: and News-Dispatch Printing & Auditing Co. v. Board of County Commissioners, supra."

We therefore hold that the statute does not grant the board of county commissioners the power to delegate the purchasing power or authority granted to them by statute to some other officer or person.

3. This brings us to the question, "Did the county commissioners enter into a contract with the company for the purchase of said merchandise or ratify said contract as made by the jailer?"

The evidence is conflicting on this point in respect to all of said accounts or pur-

chase orders except one on which the court found for the plaintiff in the sum of $120, with interest and costs. The testimony of each of the three commissioners is in substance that they did not make such purchases, except the one referred to; did not ratify said purchases as made by the jailer or any one else.

This question touches upon the sufficiency of the evidence, and since the rule is so well established we do not deem it necessary to cite authorities which hold that where there is a conflict in the evidence, the judgment of the trial court will not be disturbed by this court on appeal on account of the insufficiency of the evidence if there is any evidence tending to support such judgment. We find ample evidence supporting the finding of the trial court.

We therefore conclude that the judgment of the trial court should be, and the same is, affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur. BUSBY, J., absent.