## YELLOW TAXICAB & BAGGAGE CO. v. NEW.

No. 23902.   Jan. 22, 1935.

J. B. Dudley and J. B. Barnett, for plaintiff in error.

John F. Amos, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared in the court below, the plaintiff in error as defendant, and defendant in error as plaintiff.

The case was commenced in one of the justice courts of Oklahoma City by the filing of a bill of particulars by the plaintiff, wherein he alleged that at about the hour of 1:00 o'clock in the afternoon of March 30, 1931, the plaintiff was driving his automobile north along Paseo, a street in Oklahoma City, and had entered the intersection of said Paseo and Northwest Thirtieth street, and was proceeding north across said intersection when a taxicab belonging to the defendant and driven by one of its agents and employees approached and entered said intersection from the east on said Northwest Thirtieth street, and said agent of the defendant continued to drive said taxicab west across said intersection. That because of the buildings on the east side of Paseo and automobiles parked on the south side of Northwest Thirtieth street near Paseo, the plaintiff could not see the defendant's agent and defendant's taxicab until plaintiff had entered said intersection. Plaintiff further alleged that, because of the negligent driving of said taxicab by the defendant's agent, plaintiff saw that said taxicab might strike the car driven by the plaintiff, and attempted to turn aside and avoid being struck by said taxicab; that plaintiff was nearly across said intersection, and, though plaintiff attempted to avoid being struck by said taxicab, defendant's agent did not diminish the speed at which he was driving said taxicab or make any effort to avoid striking plaintiff's automobile, and carelessly and negligently drove said taxicab into and striking the right rear side of plaintiff's automobile, throwing the same up against the curb of Paseo on the northwest corner of said intersection, damaging said automobile to the extent of $125.70.

To this bill of particulars, the defendant did not file any formal or written answer, and no evidence was introduced by the defendant in the justice court. However, said defendant appealed from the judgment of the justice court to the district court of Oklahoma county.

After the case had reached the district court, and on January 23, 1932, both parties, by agreement, waived a jury and agreed to try the matter to Harris L. Danner, as special judge.

The evidence substantially establishes the allegations of the plaintiff's bill of particulars. There was no controversy as to the amount of damage done to plaintiff's automobile, which was shown by an itemized statement of the repairman to be $125.70, which plaintiff swore he paid. At the close of the testimony, the court entered its judgment for the plaintiff and against the defendant in the sum of $125.70.

Motion for a new trial was duly filed and overruled, and the case appealed to this court.

The evidence was brief, and there was but little conflict therein.

This case was tried to the court, and, if there was a conflict in the evidence, it was for the trial court to determine the questions of fact therein, and this court will not weigh the evidence or determine as to the credibility of witnesses. Adams v. Hansford, 130 Okla. 155, 265 P. 762; Betts v. Mills, 8 Okla. 351, 58 P. 957; Wetzel v. Rixse, 93 Okla. 216, 220 P. 607.

Counsel for plaintiff in error has suggested that the court should have applied the doctrine of the "last clear chance" and decided for defendant. There were no facts shown in the evidence to justify the court to apply the doctrine of "last clear chance."

The judgment of the trial court should be affirmed. And it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Charles R. Freeman, James S. Arnote, and Charles H. Hudson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Freeman and approved by Mr. Arnote and Mr. Hudson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.