Clara A. RAIN, Plaintiff in Error,

v.

Charles BALPH, Defendant in Error.

No. 36794.

Supreme Court of Oklahoma.

Jan. 31, 1956.

360

F. H. Reily, Shelton Skinner, Shawnee, for plaintiff in error.

Miller & Peters, Shawnee, for defendant in error.

HUNT, Justice.

The plaintiff in error, Clara A. Rain, instituted this action in the District Court of Pottawatomie County against Charles F. Balph for alleged injuries to twenty acres of land caused by discharging salt water and other deleterious substances from an oil well into a bar ditch on the south side of the section line opposite the house located on plaintiff's land north of the section line which runs east and west between plaintiff's land and defendant's oil well. Plaintiff's petition is in part as follows:

"(8) That said substances were emptied into said bar pits for such a time and such large quantities that the said salt water and other deleterious substances saturated the earth lying under plaintiff's land, and polluted her water well to such an extent that the water from said well became polluted in such a manner and to such an extent that said water was and is unfit for domestic use, drinking, or irrigating purposes and the water produced in said well is permanently polluted and the sand from which the water is produced is permanently saturated with said salt and other deleterious substances and water for said domestic purposes cannot be used and the water produced in said well or from said sand lying under plaintiff's land can never be used for household or other domestic purposes.

"(12). Plaintiff alleges that prior to the pollution of her water well and the water bearing sand said property was of the reasonable value of $12,000.-00, and on account of said pollution the land is now damaged to one half of its value and is not worth to exceed six thousand dollars, and plaintiff has suffered damage in the sum of six thousand dollars."

The defendant filed a general denial to plaintiff's petition. A jury was waived and the cause was tried to the court, who found the issues in favor of the defendant and against the plaintiff and a judgment was entered accordingly in favor of the defendant and against plaintiff. Motion for new trial was denied and the plaintiff appealed. No findings of fact were requested and none were made by the trial court. Lowe v. Hickory, 176 Okl. 426, 55 P.2d 769 holds:

"1. In a civil action triable to a jury, where jury is waived and the cause is tried to the court, the findings of the trial court have the force and effect of a jury verdict, and when the finding is a general one it is a finding

of every specific thing necessary to be found sustaining the general judgment.

\* \* \* \* \* \*

"3. It is for the jury, or the trial court upon waiver of jury, to determine the credibility of the various witnesses, and the weight and value to be given to their testimony. The conclusion there reached upon these points will not be disturbed on appeal, unless appearing clearly to be based on caprice or to be without any reasonable foundation."

The seventh assignment of error of the petition in error is as follows:

"7. That the judgment rendered by the Court is not supported by any competent evidence and is rendered in disregard of the competent evidence introduced by the plaintiff and corroborated by the defendant."

Counsel for the plaintiff in error makes the statement in their brief that the judgment of the court is not reasonably supported by the evidence. There was a volume of testimony and evidence introduced by the plaintiff and considerable evidence by the defendant. Dr. Bailey, a teacher of Chemistry at Oklahoma Baptist University, was called as an expert witness by the plaintiff and gave testimony as to the results of an analysis of the chemicals in certain specimens of water and soil taken from the premises involved and expressed his views with regard to the effect and action of chemicals on the soil and probable results thereof. He said the water in plaintiff's well was unfit for drinking or cooking purposes, that it contained salt or chloride. Dr. Isham, a professional chemist, was called as a witness by the defendant and testified as to the results of certain tests and analyses he made of the water and soil from the premises involved, and gave his views as to the effect and results and probable action of chemicals on the soil. He likewise testified that he found the water in plaintiff's well unfit for drinking or cooking purposes, but expressed his opinion or views that the substance found therein did not come from the defendant's oil well. There was evidence by other witnesses relative to the date defendant's

oil well was drilled, its location with respect to plaintiff's land and other facts concerning its operation, also evidence as to the extent and location of the improvements on plaintiff's land, the nature of the soil, the value of the land before and after contamination of the water well, and other testimony pertinent to the issues involved.

█ The volume of the evidence is such that it would be impractical to attempt to here state or analyze the substance of the same, and the conflict between plaintiff's evidence and that of the defendant, and we deem it unnecessary to do so. This court is not required or permitted in an action of legal cognizance to weigh the evidence, but is only required to determine from the record if there is competent evidence to support the finding and judgment of the trial court. Yellow Taxicab & Baggage Co. v. New, 170 Okl. 334, 40 P.2d 651 holds:

"1. This case was tried to the court, and if there was a conflict in the evidence, it was for the trial court to determine the questions of fact therein, and this court will not weigh the evidence or determine as to the credibility of witnesses."

Smart v. Billings, 169 Okl. 26, 35 P.2d 923, holds:

"2. Where a jury is waived and the cause is tried to the court and the finding of the court is general, such finding is a finding of every special thing necessary to be found sustaining the general judgment, and such finding, when reasonably supported by the evidence in the case, is conclusive on the Supreme Court upon all doubtful and uncertain questions of fact so found."

Camp v. Black Gold Petroleum Co., 195 Okl. 30, 154 P.2d 769, holds:

"1. 'In an action of legal cognizance, when the jury is waived and the cause tried to the court, the judgment of the court will be accorded the same consideration as the verdict of a properly instructed jury, and if reasonably supported by competent evidence, will not be disturbed by this court.' "

 Counsel for plaintiff in error complains of the action of the trial court in overruling plaintiff's objection to certain testimony of Dr. Isham concerning certain tests and analyses he made of samples of water in 1952, and contends that the time he took the samples was too remote and the conditions not shown to be the same as at the time of the trial. The time the samples were taken was after the time plaintiff's well became contaminated and the water unfit for drinking. The witness testified that the analysis of the water showed the well water unfit for drinking purposes and there was no evidence tending to show any change in the condition of the well water after 1952. The fact that the samples were taken in 1952 would affect the weight of the evidence rather than its competency. Counsel also says the evidence was inadmissible because witness took the sample of water out of the spigot at the back of the plaintiff's house and not direct from the water well. We quote from the witness' testimony as follows:

"A. We actually took the sample from a spigot at the back of the house. The lady who was there at the back of the house told us that the water was under an electric pump and went into an elevated tank, and that this was water from the well."

No objection was made to the statement by the witness when made but a subsequent objection was interposed on the ground that it was not a proper test. It is not suggested or denied but what the water from the spigot was from the well. Whether the test would have been more accurate had the water been taken direct from the bottom of the well goes to the weight of the testimony rather than the admissibility. B. F. Avery & Sons Plow Co. v. Lightfoot, 174 Okl. 195, 50 P.2d 345, holds:

"4. The findings of fact in a case tried to the court without the intervention of a jury will not be disturbed if there was substantial evidence to support them, although incompetent evidence may have been admitted; the presumption being that the court disregarded such incompetent evidence, unless the contrary is shown."

Counsel for the plaintiff asserts that all of the evidence conclusively shows that plaintiff's water well and land was contaminated with salt water and base sediment and contends that since there is no other oil well in the vicinity of the land it must conclusively follow that the injury arose from defendant's negligent operation of his oil well. Both parties to the action agree that the water in plaintiff's well was contaminated and unfit for drinking or cooking purposes, but they do not agree as to the cause, nor as to the extent of the contamination, nor the effect of the water on vegetation, nor as to the permanency of such condition. The defendant Balph contends that the condition of plaintiff's well arose from substances existing in plaintiff's soil, such as red beds, and produced testimony along that line, and evidence tending to show that water from the plaintiff's well applied to the soil in which a plant was growing did not retard its growth.

We have examined and considered the evidence and find little conflict in the evidence of the parties as to the physical conditions involved, but there is a conflict in the evidence as to who or what caused the conditions in plaintiff's water well and the resulting loss of value. We do not consider the evidence to be such as to conclusively establish plaintiff's cause. Mandler v. Harvey, 119 Okl. 185, 249 P. 391, holds:

"3. The burden of proof is upon the plaintiff to establish the material allegations of the petition by a preponderance of the evidence, and the weight of the evidence is a question for the jury, and when plaintiff fails to establish his case by legal and competent evidence or where there is conflicting evidence, a verdict in favor of the defendant will not be reversed on appeal."

Western Chemical Co. v. Board of Comm'rs of Pottawatomie County, 170 Okl. 337, 44 P.2d 825, holds:

"3. It is a well-established rule in this jurisdiction that, where there is a conflict in the evidence, the judgment of the trial court will not be disturbed

by this court on appeal on account of the insufficiency of the evidence if there is any evidence tending to support such judgment."

■ The burden was on plaintiff to establish by competent evidence her claim of damages. The trial court saw and heard the witnesses, also personally viewed the land involved as is so recited in the journal entry, and we are unable to say there was no competent evidence to support the finding and judgment of the court in favor of the defendant. Finding no error in the record the judgment of the district court is affirmed.