**BOARD OF COM'RS OF TULSA COUNTY**
**v. NEWS-DISPATCH PRINT.**
**& AUDIT CO.**

No. 13940—Opinion Filed April 8, 1924.

Rehearing Denied Dec. 9, 1924.

**1. Counties—Purchase of Office Supplies—Authority of County Commissioners.**

The statute has designated the board of county commissioners as the agent to purchase the necessary supplies for the use of other county officers in the performance of their official duties.

**2. Same—Nondelegable Duty of Board.**

The statute does not grant to the board of county commissioners the power to delegate this duty to some other person.

**3. Same—Statutory Authority for Contracts.**

The plaintiff is not entitled to recover on a claim or contract against the county unless it can be shown that the contract rests on some express or implied provision of the law.

**4. Same—Contract for Office Supplies by County Clerk—Invalidity.**

The contract sued on in this case was made between the plaintiff and the county clerk of Tulsa county, as the result of a prior board of county commissioners making the county clerk the purchasing agent for the board. Held, the contract is null and void.

**5. Same—County Not Estopped to Repudiate Contract.**

Equitable estoppel is not available to the

plaintiff in an action against a county based on an unlawful contract entered into between the plaintiff and an officer of the county, who had no authority to act in the purchase of the supplies.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by the News-Dispatch Printing and Audit Company against the Board of County Commissioners of Tulsa County for debt. Judgment for plaintiff. Defendant brings error. Reversed and remanded, with directions.

John M. Goldesberry, Co. Atty., and James Harrington, Asst. Co. Atty., for plaintiff in error.

Ward & Chase and George Paschal, for defendant in error.

Opinion by STEPHENSON, C. This action was instituted by the plaintiff for recovery of the value of supplies sold and delivered to the county clerk of Tulsa county, on a contract entered into by and between the plaintiff and the county clerk as the purchasing agent for the board of county commissioners. The plaintiff, in support of the contract sued on, proved the passage of a resolution by a prior board of county commissioners, designating the county clerk as the purchasing agent for the board. In the trial of this cause judgment went for the plaintiff for the amount sued for, and the defendant has appealed the cause to this court for review. The authority of the board of county commissioners to designate some person to act for it in the purchase of supplies for the use of other county officers in the conduct of the governmental affairs of the county, is the single question involved in this appeal. The statute places the duty on the board of county commissioners to purchase supplies for the use of other officers in the conduct of the governmental affairs of the county. The plaintiff bases its right to recover for the supplies sold, and delivered to the county clerk for use in his office, on a contract made and entered into between the plaintiff and the county clerk. The plaintiff proved the passage of a resolution by a prior board of county commissioners making the county clerk the purchasing agent for the board, as the authority for the county clerk to enter into the contract sued on herein. The question as to the person or body to represent and act for the county in the purchase of supplies for the use of the county officers in the discharge of their official duties,

was subject-matter for the consideration of the Legislature. The Legislature, in considering the person or body to act in this capacity has seen fit to designate the board of county commissioners as the purchasing agency for the supplies required by the county officers. There is no provision made by statute for the board of county commssioners to delegate this power and duty to some other person or county officer. In order for the plaintiff to recover in this action, on the contract entered into with the county clerk, the burden rests on the plaintiff to show that the contract rests upon some express or imp.ied provision of the law. Board of Comr's of Noble County v. Whitney, 73 Okla. 160. 175 Pac. 112; Board of Comr's of Washita County v. Brett, 32 Okla. 853, 124 Pac. 57. It is apparent, the attempt of the county clerk to bind the county by contract for the sale of the supplies in this action is without authority of law, and was an unauthorized assumption of a. duty resting on the board of county commissioners. It follows that the contract sued on herein is a nullity and will not support the action. The record in this case does not bring the appeal within the rules applied in Smartt v. Board of County Commissioners, 67 Okla. 141. 169 Pac. 1101.

The defendant in error urges the plea of equitable estoppel to support its judgment. There is a distinction between the acts of an agent within his general powers but in violation of some special instructions, and the acts of an agent entirely beyond the scope of his powers. This is particularly true in the latter instance because the powers which may be exercised by the county clerk were prescribed by statute. The plaintiff and the agent were equally informed by public statute as to the extent of the agent's powers. Baltimore v. Reynolds, 20 Md. 1, 83 Am. Dec. 535. It is within the legislative power to define the duties among the several county officers, and to regulate county governmental affairs. The Legislature has, by general statute, prescribed and fixed the duties of both the county clerk and board of county commissioners, and also other county officers. It is made the duty of the board of county commissioners, by the act, to purchase and furnish to the county clerk the necessary supplies for the conduct of his office. To give effect to the plea of estoppel in this case would be to substitute the will of the county officers for guidance in county affairs, for the legislative enactments in relation to the same questions. To give effect to the plea of estoppel in this case would be to nullify legislative acts relating to the

conduct of municipal affairs, and substitute the will of the officers of each municipality therefor. The result would be to destroy the general rules of government for municipal corporations and make each municipal corporation its own governing body, subject to the whims and choice of its own officers. The plea of equitable estoppel cannot be applied when the effect of such application would be to destroy and nullify the general legislative acts fixing rules of government for municipal corporations. Floyd County v. Allen, 137 Ky. 575, 126 S. W. 124, 27 L. R. A. (N. S.) 1125; Worrell Mfg. Co. v. Ashland. 159 Ky. 656, 167 S. W. 922, 52 L. R. A. (N. S.) 880. Aside from what has already been said, the defendant in error must show itself free from wrong in the transaction in order to invoke the plea of equitable estoppel. It is true. the defendant in error alleged the sale and delivery of the supplies to the county clerk, and their acceptance and use by the latter for the county. The plaintiff further shows that the supplies were necessary and required by the county clerk in the performance of his official duties. and that it seeks to recover only the reasonable value therefor. But, in pleading these facts, each step of the transaction between the plaintiff and the county clerk shows to have been in violation of a state statute about which both parties were equally advised. The plaintiff could not have been misled in entering into the sale of the supplies to the county clerk in relation to its rights, and was equally guilty with the county clerk in the violation of the statute which the plaintiff in error invokes in .this appeal. In order for the plaintiff to successfully invoke the plea of equitable estoppel in this case it must show that it was free from wrong in the sale and delivery of the supplies to the county clerk. Wagg v. Herbert et al., 19 Okla. 564, 92 Pac. 250.

Therefore, it is recommended that this cause be reversed and remanded with directions to dismiss the plaintiffs' action

By the Court: It is so ordered.