county commissioners as the agent to purchase the necessary supplies for the use of other county officers in the performance of their official duties.

### 2. Same—Nondelegable Duty of Board.

The statute does not grant to the board of county commissioners the power to delegate this duty to some other person.

### 3. Same—Statutory Authority for Contracts.

The plaintiff is not entitled to recover on a claim or contract against the county unless it can be shown that the contract rests on some express or implied provision of the law.

### 4. Same—Contract by County Clerk—Invalidity.

The contract sued on in this case was made between the plaintiff and the county clerk of Tulsa county, as the result of a prior board of county commissioners making the county clerk the purchasing agent for the board. Held, the contract is null and void.

### 5. Same—County Not Estopped to Repudiate Contract.

Equitable estoppel is not available to the plaintiff in an action against a county based on an unlawful contract entered into between the plaintiff and an officer of the county who had no authority to act in the purchase of the supplies.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by the Walker-Taylor Company against the Board of County Commissioners of Tulsa County for debt. Judgment for plaintiff. Defendant brings error. Reversed and remanded, with directions.

John M. Goldesberry, Co. Atty., and James Harrington, Asst. Co. Atty., for plaintiff in error.

Ward & Chase and Geo. Paschal, for defendant in error.

Opinion by STEPHENSON, C. Board of County Commissioners of Tulsa County v. News-Dispatch Print. & Audit Company, No. 13940, this day decided, controls this appeal and results in the reversal and remanding of this cause for further proceedings in accordance with the views therein expressed.

Therefore, it is recommended that this cause be reversed and remanded, with directions to dismiss the plaintiff's action.

By the Court: It is so ordered.

## BOARD OF COM'RS OF TULSA COUNTY v. CO-OPERATIVE PUBLISHING CO.

No. 13632—Opinion Filed April 8, 1924.

Rehearing Denied Dec. 9, 1924.

### 1. Counties—Purchase of Office Supplies—Authority of Board of Commissioners.

The statute has designated the board of county commissioners as the agent to purchase the necessary supplies for the use of other county officers in the performance of their official duties.

### 2. Same—Nondelegable Duty of Board.

The statute does not grant to the board of county commissioners the power to delegate this duty to some other person.

### 3. Same—Statutory Authority for Contracts.

The plaintiff is not entitled to recover on a claim or contract against the county, unless it can be shown that the contract rests on some express or implied provision of the law.

### 4. Same—Contract by County Clerk—Invalidity.

The contract sued on in this case was made between the plaintiff and the county clerk of Tulsa county, as the result of a prior board of county commissioners making the county clerk the purchasing agent for the board. Held, the contract is null and void.

### 5. Same—County Not Estopped to Repudiate Contract.

Equitable estoppel is not available to the plaintiff in an action against a county based on an unlawful contract entered into between the plaintiff and an officer of the county, who had no authority to act in the purchase of the supplies.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Co-Operative Publishing Company against the Board of County Commissioners of Tulsa County for debt. Judgment for plaintiff. Defendant brings error. Reversed and remanded, with directions.

John M. Goldesberry, Co. Atty., and James Harrington, Asst. Co. Atty., for plaintiff in error.

Ward & Chase and Geo. Paschal, for defendant in error.

Opinion by STEPHENSON, C. Board of County Commissioners of Tulsa County v. News-Dispatch Print. & Audit Company, No. 13940; this day decided, controls this appeal

and results in the reversal and remanding of this cause for further proceedings in accordance with the views therein expressed.

Therefore, it is recommended that this cause be reversed and remanded, with directions to dismiss the plaintiff's action.

By the Court: It is so ordered.

---

## JEFFERSON v. GALLAGHER et al.

No. 13949—Opinion Filed July 1, 1924.

Rehearing Denied Dec. 9, 1924.

**1. Indians—Validity of Conveyances—Consideration—Parol Evidence.**

An Indian grantor, selling portions of his surplus allotment under conditions prescribed in section 16 of the Act of Congress of July 1, 1902 (32 Stat. L. 641), cannot be bound by recitals of consideration in his conveyance; but is at liberty to show by parol evidence the actual consideration paid to him for his land, for the purpose of destroying his grant, if he has not been paid an amount equal to the appraised value thereof; and equity and good conscience require that the grantee in such Indian conveyance be not held bound by the recital of consideration contained therein, but may offer parol proof for the purpose of showing that he complied with the congressional act by having paid an amount for the land equal to the appraised value thereof, for the purpose of establishing the validity of the grant, notwithstanding the recital of consideration in the conveyance.

**2. Same.**

Where an Indian conveyance of allotted lands, made when section 16 of the Act of Congress of July 1, 1902 (32 Stat. L. 641), was in effect, requiring that the land be not sold for less than the appraised value, recites a consideration of less than the appraised value of the land, the recital prima facie establishes the invalidity of the conveyance, but such prima facie showing of invalidity may be rebutted by parol evidence as to what was actually paid; and if in fact an amount equal to the appraised value of the property was actually paid, the validity of the instrument is established, regardless of the recital of the consideration.

**3. Same—Judgment Sustained.**

Record examined, and held, that the trial court did not err in admitting the parol testimony of the defendant as to what he actually paid the Indian plaintiff for his land; and held that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by Calvin Jefferson against James H. Gallagher et al., to cancel instruments and quiet title to real estate. Judgment for defendant James H. Gallagher, and plaintiff appeals. Affirmed.

Wm. G. Davisson and McPherren & Wilson, for plaintiff in error.

Ledbetter & Ledbetter, for defendant in error James H. Gallagher.

Opinion by SHACKELFORD, C. The plaintiff in error was plaintiff below, and the defendant in error was defendant; and for convenience the parties will be referred to herein as they appeared in the trial court.

The plaintiff, Calvin Jefferson, filed this action in the district court of Carter county on the 22nd day of January, 1921. He alleges in his petition that he is a Choctaw Indian of three-fourths blood; and that he was allotted as his portion of the lands of the Choctaw Indians, the following lands: The southwest quarter of the northeast quarter of section 25, township 2 south, range 3 west, with other lands: and that he is now the owner and in possession thereof; that the defendant is claiming some right, title, or interest therein, which claim constitutes a cloud upon his title; and seeks to cancel a purported deed from Calvin Jefferson to James H. Gallagher dated June 3, 1907, and duly recorded. Plaintiff alleges that if he ever executed the deed it is void for the reason that at the date of the execution thereof the land described therein was restricted, and he had no power to make a conveyance thereof. The deed complained of seems to have been dated June 3, 1907, the consideration recited therein being the sum of $125, and purports to convey to the defendant Gallagher the southwest quarter of the northeast quarter of section 25, township 2 south, range 3 west, in Choctaw Nation, containing 40 acres, and is not of the homestead allotment. It purports to have been signed and acknowledged by Jefferson and his wife, and recorded. He seeks cancellation of the deed and the record thereof, and to quiet his title to the land therein described. On the 2nd day of June, 1921, the defendant filed a demurrer to the plaintiff's petition for the alleged reason that the petition does not state facts sufficient to constitute a cause of action. This demurrer was overruled on the 6th of September, 1921. No exceptions seem to have been reserved to the ruling had upon the demurrer to the petition. It appears that on the 27th of July, 1921, the plaintiff filed an amended petition on which the cause was tried. There is no material