## EDELMANN v. BOARD OF COM'RS, LE-FLORE COUNTY.

No. 15469—Opinion Filed June 2, 1925.

1. **Counties—County Commissioners as Exclusive Purchasing Agent for Office Supplies.**

The statute has designated the board of county commissioners as the agent to purchase the necessary supplies for the use of other county officers in the performance of their official duties.

2. **Same—Duty Nondelegable.**

The statute does not grant to the board of county commissioners the power to delegate this duty to some other person.

3. **Same—Claim Against County—Statutory Basis for Contract—Necessity.**

The plaintiff is not entitled to recover on a claim or contract against the county, unless it can be shown that the contract rests on some express or implied provision of law.

4. **Same.**

One who demands payment of a claim against a county must show some statute authorizing it or that it arises from some contract, express or implied, which finds authority in law, and it is not sufficient that the services performed for which payment is claimed were beneficial.

5. **Same—Invalidity of Claim Against County for Office Supplies not Purchased Directly by Board of Commissioners.**

The separate contracts sued on in this case were made by and between the plaintiff and his assignors and certain county officers of LeFlore county and not by or with the board of county commissioners, which made said officers purchasing agents for the board. Held, the contracts are null and void.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by Joe R. Edelmann against the Board of County Commissioners of LeFlore County. Judgment for defendant. Plaintiff brings error. Affirmed.

W. H. Harrison, for plaintiff in error.

James Babb, Co. Atty., and Clyde T. Bennett, Asst. Co. Atty., for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Le Flore county, Okla., by Joe R. Edelmann, plaintiff in error, as plaintiff below, against the board of county commissioners of Le Flore county, Okla., defendant in error, defendant below, to recover the sum of $2,149.29.

The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

The petition, filed May 26, 1922, contains 19 separate causes of action, by which the plaintiff seeks to recover the amount, above named, for himself and as assignee of the claims of numerous parties, who had furnished supplies sold by him and his assignors to the various county officers of Le Flore county. The statements of the several accounts are attached to the plaintiff's petition as exhibits thereto.

To the petition of plaintiff the defendant filed its answer by way of general denial.

The cause was tried to the court, without the intervention of a jury, the jury having been specially waived by the parties, upon an agreed statement of facts, which is as follows:

"It is agreed by and between W. H. Harrison, counsel for plaintiff and James Babb, county attorney of LeFlore county, that the itemized statements contained in plaintiff's petition are true and correct statements of the blanks, stationery, records, and other supplies purchased, labor performed, services rendered and storage furnished and, the amount to be paid for the same by the county and the several county officers of LeFlore county and that they were necessary and proper for the transaction of the official business of said county and the several county officers of LeFlore county, at the time of their purchase, performance, rendition and furnished; that the dates of the several purchases, performance, rendition and furnished, as shown by the statements attached to plaintiff's petition shall be taken and considered as the dates of the delivery of said goods herein sold and the performance of the labor, rendition of the services and the furnishing of the storage to the county and the various county officers and that after the due and legal filing of the claims for all of the said blanks, stationery, records and other supplies and labor, services and storage in said exhibits to said petition set out, the board of county commissioners of LeFlore county disallowed all of said claims in full and refused to pay said claims or any part thereof, with the stipulation that there were no funds on hand with which to pay for the same out of the previous fiscal year.

"This the 9th day of August, 1923."

The court rendered its judgment upon the pleadings, exhibits. and agreed statement of facts against the plaintiff that he take nothing by virtue of his petition and that the defendant have judgment for its costs laid out and expended.

Motion for new trial was filed, heard, and overruled; exception reserved, and the cause comes regularly upon appeal by the plaintiff to this court for review.

The petition and the several exhibits attached thereto show that none of the contracts, for which judgment is claimed, were made with the board of county commissioners nor by or with its consent, but were made with the several county officers of the county, and that no items, for which judgment is asked, were purchased by, nor furnished to, the board of county commissioners, nor by or with its knowledge or consent.

This court, in the recent opinion in the case of News-Dispatch Audit Co. v. Board of County Commissioners of LeFlore County, decided March 31, 1925, pending on rehearing, said:

"The statute has designated the board of county commissioners as the agent to purchase the necessary supplies for the use of other county officers in the performance of their official duties.

"The statute does not grant to the board of county commissioners the power to delegate this duty to some other person.

"The plaintiff is not entitled to recover on a claim or contract against the county, unless it can be shown that the contract rests on some express or implied provision of the law.

"The separate contracts sued on in this case were made by and between the plaintiff and six county officers of LeFlore county and not by the board of county commissioners, which made said officers purchasing agents for the board. Held, the contract is null and void,"

—following the cases of the Board of County Commissioners of Tulsa County v. Co-Operative Publishing Co., 104 Okla. 262, 231 Pac. 251; Board of County Com'rs of Tulsa County v. News-Dispatch Print. & Audit Company, 104 Okla. 260, 231 Pac. 250; Board of County Com'rs of Tulsa County v. Tulsa Camera Record Co., 103 Okla. 35, 228 Pac. 1103.

The above cited cases and the authorities therein cited and quoted from are decisive of the exact question presented here, under the statute law of this state, at the time the indebtedness was incurred in this cause. The last session of the state Legislature amended the then existing statute so as to permit county officers to make necessary purchases of supplies. (Senate Bill No. 209, approved April 10, 1925, without the emergency clause, and, therefore, not yet in effect.) But this cause must be decided upon the law existing at the time the contracts were made. There can be no obligation resting upon a board of county commissioners, except such as imposed by the existing law, and the contracts, made by the several officers of Le Flore county independently of the county commissioners and without their knowledge and consent, were illegal and without any authority of law; and the board of county commissioners of LeFlore county, for which the said board was the exclusive and sole agent to make such purchases, cannot be bound to make payment for the reason that the parties who made these contracts, under the decision of this court in this case of In re Town of Afton, 43 Okla. 720, 144 Pac. 184, had notice of the limitations of the powers of the several county officers to make contracts and were bound to know that the county commissioners alone had the right to make such purchases or enter into such contract, and this court said in this case, supra:

"One who deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with a municipality or furnish it supplies do so with such knowledge; and, if they go beyond the limitations imposed, they do so at their peril."

Therefore, following the cases heretofore referred to, which are decisive of the exact question here, we are forced to conclude that the judgment of the trial court, denying plaintiff's right to recover in this action, was correct, and that said judgment should be and is hereby affirmed.

By the Court: It is so ordered.

Note—See under (1) 15 C. J. p. 544 (1926 Anno). (2) 15 C. J. p. 465. (3) 15 C. J. p. 541. (4) 15 C. J. p. 541. (5) 15 C. J. p. 541.