## BOARD of COM'RS of DELAWARE COUNTY et al. v. NEWS-DISPATCH PTG. & AUDIT CO.

No. 16814—Opinion Filed Dec. 14, 1926.

(Syllabus.)

1. Counties—Claims Against County—Necessity for Basis in Statutes.

The plaintiff is not entitled to recover on a claim or contract against the county, unless it can be shown that the contract rests upon some express or implied provision of the law.

2. Same—Non-delegable Duty of Board of Commissioners in Purchase of Office Supplies.

The statute has designated the board of county commissioners as the agent to purchase the necessary supplies for the use of county officers in the performance of their official duties, and does not grant the board of county commissioners the power to delegate this duty and authority to some other person.

3. Same—Contracts for Supplies by Other Officers Invalid.

The several contracts sued on in this cause were made by and between the plaintiff and the several county officers of Delaware county, and not by the board of county commissioners; held, that, since the contracts sued on were not made by the board of county commissioners, who alone have authority to contract for supplies for the various county officers, said contracts were invalid and unenforceable.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by the News-Dispatch Printing and Audit Company against the Board of County Commissioners of Delaware County, and O. J. Wise, J. Q. Prather, J. B. Guffey, and I. C. Halterman. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

W. F. Hampton, Co. Atty., for plaintiffs in error.

G. W. Goad, for defendant in error.

PHELPS, J. This action was originally brought in the district court of Delaware county by the News-Dispatch Printing and Audit Company, ·defendant in error here, against the board of county commissioners of Delaware county, plaintiffs in error here, to recover a money judgment on 19 separate items of account which it claimed to be due for supplies furnished certain county officers, the total amount prayed for aggregating the sum of $935.86, with interest and costs. From a judgment in favor of plaintiff, the defendants prosecute their appeal.

The evidence shows that the county superintendent of schools, county treasurer, county assessor, county surveyor, county clerk, and court clerk made the purchases of the goods direct from the company, there being no contracts made with the board of county commissioners for furnishing such supp'ies as provided by law.

The question involved here, to wit, whether the company is entitled to recover the purchase price for the goods purchased by the individual county officers, has been definitely settled by former recent decisions of this court, and it is our conclusion, following the doctrine there laid down, that the plaintiff below was not entitled to recover on these claims or contracts against the county, unless it can be shown that the contracts rest on some express or implied provisions of law. Edelmann v. Board of Com'rs of LeFlore County, 110 Okla. 172, 237 Pac. 94; News-Dispatch Printing & Audit Co. v. Board of Com'rs, 112 Okla. 138, 240 Pac. 64.

Section 5793, Comp. Stats. 1921, expressly authorizes the board of county commiss'oners to provide, and charges them with the duty of furnishing. the necessary supplies to the various county officers, and it has heretofore been held by this court that this duty cannot be delegated to some other officer or person as was apparently attempted to be done in this case. Board of Com'rs of Tulsa County v. News-Dispatch Printing & Audit Co., 104 Okla. 260, 231 Pac. 250; Board of County Com'rs v. Co-Operative Publishing Co., 104 Okla. 262, 231 Pac. 251: Edelmann v. Board of County Com'rs and News-Dispatch Printing & Auditing Co. v. Board of County Com'rs, supra.

The claim sued on herein having arisen out of contracts for supplies made by the various county officers above referred to, and not by the board of county commissioners as provided by law, they are invalid and not enforceable against the county.

The judgment of the district court is therefore reversed, and the cause remanded, with directions to dismiss the action.

NICHOLSON, C. J., and HARRISON, MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 15 C. J. pp. 540, 541, §233; 7 R. C. L. p. 961. (2) 15 C. J. pp. 544, 545, §237; 7 R. C. L. p. 938 et seq.; 2 R. C. L. Supp. p. 477; 4 R. C. L. Supp. p. 502; 6 R. C. L. Supp. p. 466. (3) 15 C. J. p. 545, §237 (Anno).