## BOARD OF COM'RS OF CARTER COUNTY v. GEORGE D. BARNARD STATIONERY CO.

No. 25356. March 26, 1935.

Marvin Shilling, County Atty., for plaintiff in error.

J. B. Moore, for defendant in error.

PER CURIAM. The parties hereto will be referred to as plaintiff and defendant as they appeared in the trial court, inversed to their position here.

The plaintiff sues the defendant, board of commissioners of Carter county, Okla., upon an account of $183.90 for wares and merchandise consisting of stationery and supplies sold and delivered to the defendant on October 24, 1930, for which the defendant agreed to pay; that it filed claim with the defendant on or about November 25, 1930, duly verified, and the defendant rejected the same. The petition is in usual form, showing the items of account, and verified. The defendant answers with a general and specific denial that any sale was made or goods delivered to the defendant, denies funds available to pay therefor at the time of the alleged sale, and further says that if any such sale was made, which it denies, no purchase order was given as required by law, nor was such purchase order delivered to the county clerk of Carter county by the plaintiff in order that said county clerk might certify that funds were available for such purchase, as provided by law, and therefore any purported contract was void and unenforceable.

The cause was tried to the court without the intervention of a jury, pursuant to stipulation of the parties, and at the conclusion of plaintiff's evidence the defendant demurred thereto, and, the court having overruled the demurrer, the defendant refused to plead further or offer evidence, and the court thereupon entered judgment for the plaintiff as prayed for.

Motion for new trial was overruled, and the defendant has appealed, assigning as error the overruling of defendant's demurrer to the petition and the evidence, and that the judgment is contrary to the law and the evidence.

It is disclosed by the evidence that the stationery and supplies for which this action was brought were purchased from the plaintiff by the official district court reporter in Carter county, and not by the board of county commissioners of Carter county, and he was not authorized by the board to make such purchase, but the board "would let them buy their own supplies because they knew what they wanted and needed; that was the custom in each department."

By the provisions of section 7668, O. S. 1931, it is made the duty of the board of county commissioners of each county to provide the courts appointed to be held therein with attendants, fuel, lights, and stationery suitable and sufficient for the transaction of business.

Section 12676, O. S. 1931, makes provision for levies for that purpose and provides the manner of filing reports to the excise board for the needs of courts of record, and section 7660 designates the board of county commissioners as the agent to purchase the necessary supplies for the use of the county officers. There is no provision in the law whereby this power can be delegated. Board of County Commissioners of Delaware County v. News Dispatch Printing & Audit Co., 122 Okla. 107, 251 P. 606.

It is said in plaintiff's brief that it makes no denial of the fact that the plaintiff sold the merchandise to the district court reporter, and it is admitted by both parties that an appropriation had been made for supplies for the use of the district court reporter, but the plaintiff attempts to sustain the judgment upon the theory that the court reporter is a state official. Admitting, without deciding, that the court reporter is a state official, the charge which the plaintiff is seeking to make against the defendant involves the expenditure of county funds, and so long as county funds are to be expended, such expenditures must be made by the county officials charged with the duty of making them, regardless of the purpose for which the expenditures are made. Board of County Commissioners of Tulsa County v. News Dispatch Printing & Audit Co., 104 Okla. 260, 231 P. 250; Board of County Commissioners v. Co-operative Publishing Co., 104 Okla. 262, 231 P. 251.

Moreover, section 1, chapter 49, Session Laws 1925, provides for the submission of all purchase orders and contracts to the officer charged with the keeping of proper records of the county, who shall, if there be an unincumbered balance in the appropriation for that purpose by the excise board, so certify by signing the purchase order or contract, and no purchase order is valid unless so certified. The plaintiff makes no pretense of complying with the provisions of this law, which provision was in force at the time of the alleged sale and has been re-enacted in section 1, art 1, ch. 32, Session Laws 1931, and is still in force.

Objection is made by the defendant that the evidence offered by the plaintiff fails to comply with chapter 106, Session Laws 1925 (secs. 5976-9, O. S. 1931), but in view of the foregoing it is unnecessary to consider this objection.

The judgment is reversed, with instructions to sustain the demurrer to the evidence and dismiss the cause.

The Supreme Court acknowledges the aid of Attorneys Marvin T. Johnson, C. H. Jameson, and Philip Kates in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Johnson, and approved by Mr. Jameson and Mr. Kates, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.