OSCN Found Document:Question Submitted by: The Honorable Dana Prieto, Oklahoma State Senate, District 34

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 Question Submitted by: The Honorable Dana Prieto, Oklahoma State Senate, District 34
2024 OK AG 6
Decided: 04/26/2024
Oklahoma Attorney General Opinions

Cite as: 2024 OK AG 6, __ __

 
ATTORNEY GENERAL OPINION
2024-6
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. What are the responsibilities of the sheriff and the responsibilities of the Board of County Commissioners ("BOCC") pertaining to the funding, operation, and maintenance of the county jail? 
2. What do the terms "maintenance" and "operation" include and who is financially responsible for each? 
3. Are the requirements in title 57, section 51 (2021) of the Oklahoma Statutes, the sole responsibility of the BOCC? 
4. Does the BOCC have a responsibility to provide funding for the requirements in title 57, section 51 (2021) of the Oklahoma Statutes, and should they be paid for from the county general fund? 
5. Can the BOCC require the sheriff to fund the items in title 57, section 51 (2021) of the Oklahoma Statutes, without compensation? 
6. If BOCC requires the sheriff to fund the responsibilities under title 57, section 51 (2021) of the Oklahoma Statutes, should he/she be allowed specific compensation to cover the expenses and if the answer is yes, to what extent shall the sheriff be compensated?
7. What responsibility, if any, does the BOCC possess regarding the funding of inmate meals and medical services for the county jail? 
8. Are there items and requirements that are the sole financial responsibility of the BOCC with regards to the county jail and if so, what are they? 
9. Does the county, either through the BOCC or the excise board have a duty to fund the jail at such a level it can be properly staffed at all times and what are the staffing requirements of a county jail and are the staffing requirements considered constitutional? 
10. Is the operation and maintenance of the jail and sheriff's office constitutional? If the answer is yes, is it required that both be funded and if so, to what extent? 
I.
SUMMARY
¶1 Oklahoma law mandates that every county have a county jail, established under the authority of the county commissioners and at the expense of the county, or access to a county jail in a neighboring county. 57 O.S.2021, § 41. The county sheriff is responsible for the daily operation and maintenance of the jail in a county that has established and operates a jail. As detailed below, the sheriff's duties include hiring and training jail personnel, transporting inmates to and from the jail, and providing bedding, meals, and medical care to the inmates. In addition to establishing the county jail, the BOCC must annually inspect the jail and fulfill its financial obligations to the jail. 57 O.S.2021, §§ 1, 51; 68 O.S.2021, § 3002. The latter duties include providing suitable means to warm the jail and make repairs as prescribed by the Department of Health, as well as collecting and submitting the annual needs of the jail to the county excise board. 57 O.S.2021, § 51; 68 O.S.2021, §§ 3002, 3004. Holding the final approval authority for appropriation of county funds, the county excise board possesses a duty to ensure the county jail is adequately funded. 19 O.S.2021 & Supp.2023, §§ 180.65, 3006--07.
¶2 The duty to operate and maintain the county jail, once established, includes construction, repair, upkeep, and other costs associated with keeping the jail functioning and operating for the well-being of the residents of the county and care of the inmates. Finally, the duties and responsibilities of counties to operate and maintain a county jail are statutory and constitutional. This requires that a county must prioritize funding the operations and maintenance of a county jail before appropriating funds for statutory and other non-constitutional purposes.
II.
BACKGROUND
¶3 The Oklahoma Constitution establishes Oklahoma's counties and creates county offices, including those of the county commissioners and sheriff. OKLA. CONST. art. XVII, §§ 1--2. Each of Oklahoma's seventy-seven counties is a political subdivision of the state and have been described by the Oklahoma Supreme Court as follows:
A county being an involuntary, subordinate political subdivision of the state, created to aid in the administration of governmental affairs of said state, and possessed of a portion of the sovereignty, has no inherent powers but derives those powers solely from the state. All of the powers intrusted [sic] to it are the powers of the sovereign[] which created it. Its duties are likewise the duties of the sovereign[].
Johnston v. Conner, 1951 OK 262, ¶ 7, 236 P.2d 987, 989 (quoting Herndon v. Anderson, 1933 OK 490, ¶ 16, 25 P.2d 326, 329).
¶4 Therefore, while the Oklahoma Constitution creates the two offices that are the subject of your inquiries--county sheriff and county commissioners--their duties and powers include those given by the Legislature, which may change. Tulsa Exposition & Fair Corp. v. Bd. of Cnty. Comm'rs, 1970 OK 67, ¶ 27, 468 P.2d 501, 508 (the Legislature has the authority to define the duties and powers of the several county officers and regulate county governmental affairs (citing Bd. of Comm'rs v. News-Dispatch Print. & Audit Co., 1924 OK 396, 231 P. 250)); see also Tulsa Exposition & Fair Corp., 1970 OK 67, ¶ 27, 468 P.2d at 508 ("Boards of County Commissioners derive their powers and authority wholly from the statutes, and acts performed by them must be done pursuant to authority granted by valid legislative action.").
¶5 Just as the Legislature may abolish or change the duties of county offices, as it did with the county superintendent of public instruction, it may also establish additional county offices and duties, like it has with the county excise board.
¶6 Against this backdrop, this office answers your questions by analyzing the various duties and functions of a BOCC, a county sheriff, and the county excise board, namely those under titles 19 and 57 of the Oklahoma Statutes concerning a county jail.
III.
DISCUSSION
A. The county commissioners may establish a county jail and if they do, the county commissioners have oversight and financial obligations concerning the county jail.
¶7 Generally, counties exercise their powers through the BOCC. The commissioners serve as the administrative unit of the county, have a variety of duties under title 19 of the Oklahoma statutes, and superintend the fiscal concerns of the county. 19 O.S.2021 & Supp.2023, §§ 3, 339, 345; FIXMECavin v. Bd. of Cnty. Comm'rsFIXME, 1934 OK 245, ¶ 11, 33 P.2d 477, 479; 2014 OK AG 15. It logically follows then that Oklahoma imposes certain obligations on the county commissioners relating to the establishment, expenses, and oversight of the county jail.
¶8 First, the statute plainly mandates that "[e]very county, by authority of the board of county commissioners and at the expense of the county, shall have a jail or access to a jail in another county for the safekeeping of prisoners lawfully committed."[1] 57 O.S.2021, § 41. 
¶9 Once established, the county commissioners must annually inspect the jails in their respective counties and "fully examine the health, cleanliness and discipline conditions of the jail." 57 O.S.2021, § 1. Then, the provisions of title 57, section 51 set forth a significant obligation of the BOCC. Section 51 provides:
It shall be the duty of the county commissioners, at their expense of the county, to provide suitable means for warming the county jail and its cells or apartments, beds and bedding, and such other permanent fixtures and to make such repairs as may be prescribed by the district judge or the State Department of Health
. The commissioners shall also have power to appoint a medical officer to the jail and pay him such salary as they may think reasonable and proper, which shall be drawn out of the county treasury, and said medical officer or any physician or surgeon who may be employed in the jail shall make a report in writing whenever required by said commissioners, district judge or grand jury. 
57 O.S.2021, § 51 (emphasis added).
¶10 The term "means" is defined and understood as "available resources for payment" and "something that helps attain an end." Means, BLACK'S LAW DICTIONARY (8th ed. 2004). Accordingly, section 51 vests in the county commissioners the duty to provide suitable means (i.e., financial resources) for the warming of the county jail, its cells, beds and bedding, and such other permanent fixtures and repairs prescribed by a district court judge or the Department of Health.
¶11 Related, you also ask whether a BOCC can require the county sheriff to fund the matters identified in title 57, section 51 (suitable means for warming the jail, cells, apartments, beds, bedding, and other permanent fixtures, as well as repairs to the jail). This office answers your question in the negative. Again, section 51 mandates that the county commissioners be responsible for providing the funds for implementing the requirements thereunder. Significantly, no other office or officer of the county is identified or charged, directly or indirectly, with the duty to provide available resources for paying obligations incurred under section 51. This office does not read into the law that which is not there. Kentucky Fried Chicken v. Snell, 2014 OK 35, 345 P.3d 351. Accordingly, a BOCC is not authorized to require the sheriff to pay for the obligations imposed under title 57, section 51.[2]
B. The county sheriff is charged with the daily keeping and maintaining of the county jail.
¶12 Although the county commissioners may establish the county jail for the safekeeping of prisoners lawfully committed, the "sheriff . . . shall have charge of the county jail." 57 O.S.2021, § 47; 19 O.S.2021, § 513. Once established, the county sheriff is generally responsible for the daily affairs and operations of a county jail.[3] 19 O.S.2021, § 513 ("[t]he sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same . . . .").
¶13 Generally, the county sheriff must visit the county jail at least monthly, inquire into the condition of each inmate, and ensure appropriate training for jailers. 57 O.S.2021, § 53; 19 O.S.2021, § 513.1. The sheriff must also ensure the jail is "constantly kept in a clean and healthful condition and shall see that strict attention is constantly paid to the personal cleanliness of all the prisoners in his custody." 57 O.S.2021, § 4.
¶13 To these ends and more specifically, the sheriff must provide "bed clothing, washing, board and medical care when required, and all necessities for the comfort and welfare of prisoners as specified by the standards promulgated" by the State Department of Health.[4] 57 O.S.2021, § 52; 19 O.S.2021, § 746 (relating to payment for medical care); Estate of Crowell v. Bd. of Cnty. Comm'rs, 2010 OK 5, ¶ 29, 237 P.3d 134, 143 ("[T]he responsibility for medical care of persons incarcerated in the [county jail is placed] squarely on the sheriff. The sheriff makes the policies and provides the supervision."). Additionally, pursuant to the duties under title 57, section 52, the sheriff is obligated to provide meals for the inmates. 57 O.S.2021, § 52; Board, BLACK'S LAW DICTIONARY (8th ed. 2004) (defining "board" to include "[d]aily meals furnished to a guest at an inn, boardinghouse, or other lodging "); Smartt v. Bd. of Cnty. Comm'rs, 1917 OK 590, 169 P. 1101; Protest of Kansas City S. Ry. Co. 1932 OK 328, 11 P.2d 500. And this office previously determined that Oklahoma law requires the sheriff to transport inmates to court and back to the county jail when the prisoners remain in the sheriff's custody as a part of the general duty of care. 1999 OK AG 14, ¶ 3; see also 57 O.S.2021, § 95 (requiring the sheriff to transport persons convicted of an offense and sentenced to imprisonment in a facility other than a county jail and providing for reimbursement for the transportation services).[5]
¶14 Though it is not specifically within your inquiries, this office summarily notes the several variations to the establishment and operation of a county jail. First, the Legislature allows a BOCC to call an election on the question of whether to form a public trust to operate a county jail. 19 O.S.2021, §§ 904.1--904.10; 60 O.S.Supp.2022, § 176.[6] Furthermore, any county or combination of counties, by resolution of their BOCC, may jointly create a regional jail district for the purpose of planning, financing, constructing, maintaining, and operating a jail located within the boundaries of those counties. 19 O.S.2021, §§ 905--905.6.[7] Additionally, upon the recommendation of a county jail trust authority, the BOCC may enter contracts with private contractors for the management and operation of any jail established and operated by the county. 19 O.S.2021, § 744; 57 O.S.2021, § 41.
¶15 Regardless of the manner of establishing and operating the county jail, the person responsible for the administration of the jail must provide the county commissioners with the name, age, and basis for the incarceration of each prisoner, and if the commissioners believe any provision of law has been violated or neglected, they shall give notice to the district attorney of the county. 57 O.S.2021, § 1. And, whoever oversees the county jail administration must ensure that the jail is "constantly kept in a clean and healthful condition and shall see that strict attention is constantly paid to the personal cleanliness of all the prisoners" in the jail facility. 57 O.S.2021, § 4. And finally, jails that public trusts or private contractors operate must conform their operations to statutes and regulations governing jails operated by counties. 19 O.S.2021, §§ 513.2, 744; Tulsa Cnty. Deputy Sheriff's Fraternal Order of Police, 2000 OK 2, ¶¶ 11--12, 995 P.2d at 1129.
C. Counties have statutory and constitutional duties to fund county jail maintenance and operations and must ensure funds for such services are appropriated before statutory or other non-constitutional purposes.
¶16 The fact that each office performs duties under statutory provisions does not equate to the duties only being statutory duties. For example, the Oklahoma Supreme Court has held that a sheriff's expenditure of money to feed prisoners, under title 57, section 52, is a lawful discharge of duties imposed upon the sheriff by the Constitution and state laws. Smartt, 1917 OK 590, 169 P.1101. In Smartt, the county was depriving the sheriff of the means necessary to perform his mandatory duty to feed the inmates by refusing to reimburse the feeding expenses. According to the Court, even though the requirement to feed prisoners was mandated by statute, the county sheriff, as a constitutional officer, was under a constitutional duty to feed prisoners, a function necessary for the protection and well-being of the people. Id., 1917 OK 590, ¶¶ 4--6, 169 P.2d at 1102. The Supreme Court subsequently confirmed its holding in Smartt and extended the constitutional duty to providing supplies necessary for the maintenance and operation of the county jail under title 57, section 52. Protest of Kansas City S. Ry. Co., 1932 OK 328, 11 P.2d 500. This office has previously determined that, because the maintenance of a county jail is a constitutional duty, counties must appropriate funds to the operation and maintenance of the county jail before appropriating funds for any other statutory duties or other non-constitutional functions. 2007 OK AG 35, ¶¶ 11, 17.
D. The county excise board has a duty to adequately fund the operations and maintenance of the county jail.
¶17 Finally, you ask whether the county, either through the BOCC or the excise board, has a duty to fund the county jail at adequate and proper levels. Because you ask about the BOCC and not a county budget board, this office assumes your question relates to a county that operates under the county budget laws in title 68 of the Oklahoma Statutes.
[8] As the entity charged with superintending the fiscal concerns of the county, the BOCC has an obligation to prepare an estimate of needs and a financial statement from estimates submitted by county officers and department heads, and then submit the final versions to the county excise board. 2014 OK AG 15¶ 17; 68 O.S.2021, §§ 3002, 3004.
¶18 The powers and duties of the county excise boards are set forth in title 68, sections 3006--07. Section 3006 states:
In its functionings [the county excise board] is hereby declared an agency of the state, as a part of the system of checks and balances required by the Constitution, and as such it is empowered to require adequate and accurate reporting of finances and expenditures for all budget and supplemental purposes, charged with the duty of requiring adequate provision for performance of mandatory constitutional and statutory governmental functions within the means available, but it shall have no authority thereafter to deny any appropriation for a lawful purpose if within the income and revenue provided. 
68 O.S.Supp.2023, § 3006(B) (emphasis added).
¶19 The Oklahoma Supreme Court has described the county excise board as follows:
The Board functions as a watchdog agency which is empowered to require adequate and accurate reporting of finances and expenditures for all budgets and supplemental purposes and to review all appropriations and requests to determine if they are legal and adequately funded.
Summey v. Tisdale, 1982 OK 133, ¶ 10, 658 P.2d 464, 467 (emphasis added) (citing 68 O.S.1971 § 2486 (current version at 68 O.S.Supp.2023, § 3006)).
¶20 In Summey, the Court concluded that the Legislature clearly intended to give county excise boards discretion to approve salaries.[9] Id., 1982 OK 133, ¶ 17, 658 P.2d at 468--69. More recently, the Oklahoma Court of Civil Appeals held that a county excise board has authority to deny funding for a county jail trust for several reasons, including because the proposed budget failed to adequately fund four constitutionally mandated governmental entities, including the sheriff's office. Accordingly, the county excise board has a duty to require adequate provision for performance of mandatory constitutional and statutory governmental functions, including the operations and maintenance of a county jail. Furthermore, because the duty to operate and maintain the county jail is constitutional, a county must first appropriate funds for all costs associated with the county jail operations before funding other statutory or non-constitutional matters. Protest of Kansas City S. Ry. Co., 1932 OK 328, ¶ 27, 11 P.2d at 509; 2007 OK AG 35, ¶ 17.
¶31 It is, therefore, the official Opinion of the Attorney General that: 

1. Every county must have a county jail, established under the authority of the county commissioners and at the expense of the county, or access to a county jail in a neighboring county. 57 O.S.2021, § 41. For counties operating a county jail, the duty to keep it operational and maintained means all matters associated with construction, repair, upkeep, and other costs to keep the jail functioning for the well-being of the residents of the county and care of the inmates.
2. The county sheriff is responsible for the daily operation and maintenance of the jail for a county that has established and operates a jail. 
3. The county commissioners have duties relating to establishing a county jail, annually inspecting the jail, and funding the jail.
4. Holding the final approval authority for appropriation of county funds, the county excise board possesses a duty to ensure the county jail is adequately funded. 19 O.S.2021, § 180.65; 68 O.S.Supp.2023, § 3006--07. 
5. And, finally, the aforementioned duties and responsibilities are statutory and constitutional. As a constitutional duty, a county must prioritize funding the operations and maintenance of a county jail before appropriating funds for statutory and other non-constitutional purposes. 
 

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
BRAD CLARK
DEPUTY GENERAL COUNSEL
FOOTNOTES
[1] County jails are prisons where persons are lawfully detained and confined. 57 O.S.2021, § 42. A BOCC may call a county election for a tax levy to provide for the construction or repair of a county jail. 19 O.S.2021, § 731. Alternatively, a less advisable option exists for a BOCC to tap into a county sinking fund to erect, remodel, or rebuild the county jail. 19 O.S.2021, § 740.
[2] Nothing prohibits a BOCC and a county sheriff from contracting for the county sheriff to pay for the obligations under section 51, whether from funds appropriated to the county sheriff or on a reimbursement basis.
[3] You ask what it means to "operate" and "maintain" the county jail. Neither "operate" nor "maintain" are used in the statutes setting forth the county jail duties and responsibilities of the BOCC or county sheriff. See 19 O.S.2021, § 513; 57 O.S.2021, §§ 41, 51--52. However, both case law and prior opinions of this office use the term "operate" in discussing county jail operations and functions. This office previously determined that "operations" includes "all of the costs associated with compliance to statutory and administrative standards for jail operations." 2015 OK AG 4, ¶ 7. This includes areas relating to "admission and release procedures, security, sanitary conditions, diet, clothing, living space, discipline, prisoners' rights, staff training, safety, prisoner supervision and segregation of females, minors and the infirm." Tulsa Cnty. Deputy Sheriff's Fraternal Order of Police, Lodge No. 188 v. Bd. of Cnty. Comm'rs, 2000 OK 2, ¶ 11, 995 P.2d 1124, 1129. Regarding the term "maintain," the Oklahoma Supreme Court has looked to the ordinary definition of the term, which means "the upkeep of property." Heath v. Guardian Interlock Network, Inc., 2016 OK 18, ¶¶ 16, 18, 369 P.3d 374, 379--80; see also Maintenance, Black's Law Dictionary (8th ed. 2004) (the term means "the care and work put into property to keep it operating and productive; general repair and upkeep"). Accordingly, in the context of your question, this office finds that the maintenance of a county jail includes all construction, repair, and upkeep relating to the operations of a county jail.
[4] The sheriff must conform jail operations to standards promulgated by the Oklahoma State Department of Health. 57 O.S.2021, § 47; 74 O.S.Supp.2023, § 192.
[5] In addition to the duties relating to the county jail, a county sheriff has other responsibilities, including gathering livestock to test for disease, serving process, inspecting shooting galleries, and, more generally, keeping and preserving the "peace of their respective counties, and to quiet and suppress all affrays, riots and unlawful assemblies and insurrections." 2 O.S.2021, § 6-100; 19 O.S.2021, § 545; 63 O.S.2021, § 704; 19 O.S.2021, § 516.
[6] A county jail trust authority shall consist of "five (5) members and include the chairperson of the [BOCC], the county sheriff, one member appointed by the presiding district court judge, one member appointed by the [BOCC], and one member appointed by the county sheriff." 19 O.S.2021, § 904.2.
[7] Any regional jail district is governed by a commission, composed of the county sheriff, and presiding county commissioner from each county within the district. Provided, each county within the regional jail district may keep its own county jail for holding inmates who have pled guilty, been found guilty of a crime or who are being held prior to or during trial. 19 O.S.2021, § 905.6.
[8] Under Oklahoma law there are alternative methods by which counties may enact budgets for a particular fiscal year. A county may use the procedures in the county budget laws in title 68 of the Oklahoma Statutes, or choose, through action of its BOCC, to use the budget laws in title 19 of the Oklahoma Statutes. 68 O.S.2021 & Supp.2023, §§ 3001--33; 19 O.S.2021, §§ 1401--21; 2007 OK AG 6(describing the two alternative county budget methods).
[9] The BOCC has the authority to recommend the total amount of funds that can be used, from the County General Fund, for the combined salaries in each of the county officers, including the county sheriff. 19 O.S.2021, § 180.65. Ultimately, however, whether to approve the amount recommended by BOCC is a final determination of the county excise board. Id.; 68 O.S.2021, § 3007.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Attorney General's Opinions

 
Cite
Name
Level

 
2007 OK AG 6, 
Question Submitted by: The Honorable Mark L. Gibson, District Attorney, District 8
Cited

 
2007 OK AG 35, 
Question Submitted by: The Honorable Charlie Laster, State Senator, District 17
Discussed

 
2014 OK AG 15, 
Question Submitted by: The Honorable Ron Justice, State Senator, District 23
Discussed

 
2015 OK AG 4, 
Question Submitted by: The Honorable Steve Kunzweiler, District Attorney, District 14
Cited

 
1999 OK AG 14, 
Question Submitted by: The Honorable D. Max Cook, District Attorney, District 24
Cited

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1917 OK 590, 169 P. 1101, 67 Okla. 141, 
SMARTT v. BOARD OF COUNTY COM'RS OF CRAIG COUNTY
Discussed at Length

 
1932 OK 328, 11 P.2d 500, 157 Okla. 246, 
PROTEST OF KANSAS CITY SOUTHERN RY. CO.
Discussed at Length

 
1933 OK 490, 25 P.2d 326, 165 Okla. 104, 
HERNDON Judge v. ANDERSON et al.
Discussed

 
1934 OK 245, 33 P.2d 477, 168 Okla. 267, 
CAVIN v. BOARD OF COUNTY COM'RS OF GARFIELD COUNTY
Discussed

 
1970 OK 67, 468 P.2d 501, 
TULSA EXPOSITION & FAIR CORP. v. BD. OF CO. COM'RS
Discussed at Length

 
1924 OK 396, 231 P. 250, 104 Okla. 260, 
BOARD OF COM'RS OF TULSA COUNTY v. NEWS-DISPATCH PRINT
Discussed

 
2010 OK 5, 237 P.3d 134, 
ESTATE OF CROWELL v. BOARD OF COUNTY COMMISSIONERS
Discussed

 
2014 OK 35, 345 P.3d 351, 
KENTUCKY FRIED CHICKEN OF McALESTER v. SNELL
Discussed

 
2016 OK 18, 369 P.3d 374, 
HEATH v. GUARDIAN INTERLOCK NETWORK, INC.
Discussed

 
2000 OK 2, 995 P.2d 1124, 71 OBJ 111, 
Tulsa Co. F.O.P., Lodge No. 188 v. Board of County Commissioners of Tulsa Co.
Discussed at Length

 
1982 OK 133, 658 P.2d 464, 
Summey v. Tisdale
Discussed at Length

 
1951 OK 262, 236 P.2d 987, 205 Okla. 233, 
JOHNSTON v. CONNER
Discussed

Title 2. Agriculture

 
Cite
Name
Level

 
2 O.S. 6-100, 
State Declared Brucellosis Free
Cited

Title 19. Counties and County Officers

 
Cite
Name
Level

 
19 O.S. 513.1, 
Training for Jailers in Accordance with Jail Standards
Cited

 
19 O.S. 513.2, 
Duties of Public Trust, Private Owner or Management Entity Contracting to Operate Jail, Holding, or Detention Facility
Cited

 
19 O.S. 905, 
Short Title
Cited

 
19 O.S. 905.6, 
Use and Occupants of Regional Jail and County Jails
Cited

 
19 O.S. 3, 
County's Powers Exercised by Board of Commissioners - Certain Contracts Void by Individual Commissioner
Cited

 
19 O.S. 180.65, 
Deputies and Other Help
Discussed at Length

 
19 O.S. 513, 
Sheriff to Have Charge and Custody of Jail
Discussed at Length

 
19 O.S. 516, 
Duty of Sheriff, Undersheriffs and Deputies
Cited

 
19 O.S. 545, 
Service of District Court Work or Other Court Work - Service of Process
Cited

 
19 O.S. 731, 
Authority to Provide for Construction or Repair - Vote
Cited

 
19 O.S. 740, 
Board of County Commissioners
Cited

 
19 O.S. 744, 
Authority to Use of Private Prison Contractors
Cited

 
19 O.S. 746, 
Custodial County's Liability for Cost of Medical Care when Defendant is in Custody of County Jail
Cited

 
19 O.S. 904.1, 
County Jail Trust Authority - Election
Cited

 
19 O.S. 904.2, 
Members of Directors of Authority - Chairman, Clerk and Treasurer - Service Without Compensation
Cited

 
19 O.S. 1401, 
Short Title
Cited

Title 57. Prisons and Reformatories

 
Cite
Name
Level

 
57 O.S. 95, 
Delivery of Sentenced Persons by Sheriff - Receipts - Reimbursement - Rules - Report
Cited

 
57 O.S. 1, 
County Commissioners to Inspect Prisons
Discussed at Length

 
57 O.S. 4, 
Jails to be Kept Clean - Care of Prisoners
Discussed

 
57 O.S. 41, 
Establishment or Access to Jail
Discussed at Length

 
57 O.S. 42, 
Common Jails Used as Prisons - When Appropriate
Cited

 
57 O.S. 47, 
Sheriff to Have Charge of the Jail
Discussed

 
57 O.S. 51, 
Duty of County Board - Medical Officer - Reports
Discussed

 
57 O.S. 52, 
Sheriff to Provide Board and Necessary Articles - Compensation
Discussed

 
57 O.S. 53, 
Sheriff Must Visit and Examine Once a Month
Cited

Title 60. Property

 
Cite
Name
Level

 
60 O.S. 176, 
Trusts for Benefit of State, County or Municipality - Approval - Expenditures - Bylaws - Amendments - Indebtedness - Bonds - Contracts
Cited

Title 63. Public Health and Safety

 
Cite
Name
Level

 
63 O.S. 704, 
Inspection Certificate - Duties of Sheriff
Cited

Title 68. Revenue and Taxation

 
Cite
Name
Level

 
68 O.S. 3002, 
Making of Financial Statement of Fiscal Conditions - Publication - Filing
Discussed at Length

 
68 O.S. 2486, 
Renumbered as 68 O.S. § 3006 by Laws 1988, HB 1750, c. 162, § 163, eff. January 1, 1992
Cited

 
68 O.S. 3001, 
Appropriation - Defined
Cited

 
68 O.S. 3006, 
Meetings of County Excise Board - Organization - Powers and Duties
Discussed at Length

 
68 O.S. 3007, 
Order of Proceedings of County Excise Board
Cited

Title 74. State Government

 
Cite
Name
Level

 
74 O.S. 192, 
Inspection of City and County Jails - Standards
Cited